CRONIN, Respondent, vs. CRONIN and another, Appellants.

*December 6, 1943—January 18, 1944.*

For the appellants there was a brief by *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *William R. Dougherty*.

*Raymond C. Fett* of Janesville, for the respondent.

FOWLER, J.  Esther Cronin sued her husband George and his insurer to recover under the death-by-wrongful-act statute, sec. 331.03, Stats., for the loss of the society and companionship of the infant daughter of the spouses resulting from the father's striking and killing the child in negligently backing his automobile.  The defendants demurred to the complaint on the ground that it does not state a cause of action.  The court overruled the demurrer.  The defendants appeal.

Sec. 331.03, Stats., expressly limits the bringing of the action to cases in which if death had not ensued the injured person would have been entitled "to maintain an action and recover damages in respect thereof."  In *Wick v. Wick,* 192 Wis. 260, 212 N. W. 787, we held that a minor child cannot maintain an action against his father for injuries resulting to him through the father's negligence.  As the instant infant could not have sued the father had she lived the instant action does not lie.

The trial court held to the contrary because he considered that the recovery sought, being limited to "loss of society and companionship" is a different cause of action from that authorized by sec. 331.03, Stats.  Not so.  It is only an item of damage recoverable in that action.  Sec. 331.04 declares who is entitled to recover under sec. 331.03.  Prior to adoption of ch. 263, Laws of 1931, damages for loss of society and companionship were not recoverable in the action.  Ch. 263 amended the existing sec. 331.04 by numbering it sec. 331.04

(1) and changing it by increasing the recovery theretofore allowed under sec. 331.04 from $10,000 to $12,500 and by providing for recovery to others in case the person entitled to recover should die after suit was brought, and added to the former section sub. (2) which reads:

"(2) In addition to the benefits provided for in subsection (1), a sum not exceeding twenty-five hundred dollars for loss of society and companionship shall accrue to the parent or parents or husband or wife of the deceased."

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with instructions to sustain the demurrer and enter judgment dismissing the complaint.