PAPKE, Special Administratrix, Appellant, vs. AMERICAN AUTOMOBILE INSURANCE COMPANY, Respondent.

*January 8—February 15, 1946.*

For the appellant there was a brief by *Rubin, Zabel & Ruppa,* attorneys, and *William B. Rubin* of counsel, all of Milwaukee, and oral argument by *Mr. Rubin.*

For the respondent there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Carl Muskat.*

BARLOW, J.   Plaintiff Deuster, a widower, and his only child, Violet, were guests in an automobile of one Carl Wegner who, through his negligence, caused the plaintiff and his daughter to be injured.   The daughter lived for about one and one-half hours after the accident, suffering conscious pain from the time of the accident until her death.   Plaintiff brings this action to recover, (a) damages resulting from his own bodily injuries; and (b) as the father of Violet Deuster, deceased, for the loss of society and companionship of his only child, Violet Deuster.   No appeal is taken from that portion of the judgment awarding damages to the plaintiff resulting

from his own bodily injuries, but in the special verdict the jury found plaintiff's damages $2,500 by reason of the loss of the society and companionship of his daughter, Violet. This was stricken and disallowed by the trial court. Plaintiff appeals from that portion of the judgment disallowing the damages in question.

The question therefore presented is whether the plaintiff can maintain an action as the father of his deceased daughter to recover damages for the loss of society and companionship of such deceased daughter where a cause of action exists in favor of the estate of the deceased. It was stipulated that Violet Deuster lived for about an hour and a half after the accident and endured conscious pain and suffering prior to her death. No administrator of her estate was appointed, and no personal representative of such deceased person is a party to this action.

Plaintiff contends that sub. (2) of sec. 331.04, Stats., gives a separate cause of action to the surviving parent to recover the damages claimed, and that this subsection must be considered as an independent section not controlled by the language in sub. (1) of sec. 331.04, Stats.

Sec. 331.04, Stats., was amended by ch. 263, Laws of 1931, by adding sub. (2) and otherwise amending this section not herein material. The addition of sub. (2) reads as follows:

"In addition to the benefits provided for in subsection (1) a sum not exceeding twenty-five hundred dollars for loss of society and companionship shall accrue to the parent or parents or husband or wife of the deceased."

Sec. 331.03, Stats., provides for recovery for death by wrongful act, and sec. 331.04, Stats., designates who shall bring the action. Sub. (1) thereof provides:

"Every such action shall be brought by and in the name of the personal representative of such deceased person, . . ."

and provides to whom the amount recovered shall belong. Provision is then made for bringing the action in the name of the person or persons to whom the amount recovered shall belong, in the following language:

". . . provided, that if there be no cause of action in favor of the estate of such decedent and the person or persons to whom the whole amount sued for and recovered belongs, as above provided, shall be the husband, widow, or parent or parents, lineal descendant or ancestors, brothers or sisters of the deceased, suit may at his or her or their option be brought directly in his or her or their name or names instead of being brought in the name of the personal representative of such deceased person."

That the cause of action for this death lies only in her personal representative follows clearly from the case of *Neuser v. Thelen* (1932), 209 Wis. 262, 244 N. W. 801. In an action brought by the personal representative of the deceased "the jury may give such damages, not exceeding twelve thousand five hundred dollars, as they may deem fair and just in reference to the pecuniary injury, resulting from such death to the relatives of the deceased specified in this section." By adding sub. (2) to sec. 331.04, Stats., a new element of damages was provided. Prior to the adoption of sub. (2) by ch. 263, Laws of 1931, damages for loss of society and companionship were not recoverable, and thus there was added to the statute an additional element of damage.

To hold that this subsection creates a separate and distinct cause of action in the parent or parents or husband or wife of the deceased would necessitate the bringing of two actions to recover the damages authorized by the death-by-wrongful-act statute, where it is necessary to recover general damages in an action by the personal representative of the deceased person. This would require a multiplicity of suits to recover the damages resulting from the death by wrongful act, where the

same party is entitled to the damages recovered, which is unnecessary if the action is brought by the proper party. If no cause of action existed in favor of the estate of the decedent, the plaintiff could have maintained an action for damages caused by the death, including the damages in question, but in view of the fact that a cause of action does exist in favor of the estate of the decedent it is considered that the damages for loss of society and companionship are part of the damages recoverable in an action brought by and in the name of the personal representative of such deceased person, and therefore cannot be maintained in this action. This is in accordance with the decisions of this court as laid down in *Neuser v. Thelen* (1932), 209 Wis. 262, 244 N. W. 801; *Cronin v. Cronin* (1944), 244 Wis. 372, 12 N. W. (2d) 677; *Schilling v. Chicago, North Shore & Milwaukee R. Co.* (1944) 245 Wis. 173, 13 N. W. (2d) 594.

A large portion of appellant's brief is devoted to the understanding of the legislative committee of the purpose of the amendment under consideration, as shown by communications from members of the committee. We realize the sincerity of the effort put forth to obtain this information, but question its value in view of the rule of law that what the framer of an act meant by the language used cannot be shown by testimony—much less can it be shown by mere statements by the framer or anyone else. *Moorman Mfg. Co. v. Industrial Comm.* (1942) 241 Wis. 200, 5 N. W. (2d) 743; *Robinson v. Krenn* (1940), 236 Wis. 21, 294 N. W. 40; *Casper v. Kalt-Zimmers Mfg. Co.* (1915) 159 Wis. 517, 149 N. W. 754, 150 N. W. 1101; *Northern Trust Co. v. Snyder* (1902), 113 Wis. 516, 89 N. W. 460.

*By the Court.*—Judgment affirmed.