JOHNSON, Respondent, vs. LARSON and others, Appellants.

*October 21—November 26, 1946.*

The cause was submitted for the appellants on the brief of *Coe & Cameron* of Rice Lake, and for the respondent on the brief of *Nelton & McGinnis* of Balsam Lake.

FRITZ, J. The allegations in the complaint, so far as material on the questions raised on appeal, are that plaintiff is the mother of Mary Jean Doherty, who was ten years of age when her death was caused by the defendant Larson's negligence in operating a motor vehicle; that plaintiff is a housewife and has no property or income except such as is derived through her husband's business; that by reason of Larson's negligence plaintiff has sustained $12,500 pecuniary damages through the loss of future services of said child, $2,500 damages for loss of society and companionship, and $320 for burial expenses. There is no allegation in reference to the father of the deceased child, nor is it alleged that plaintiff or anyone else has paid the funeral expenses. Likewise there is no allegation that no cause of action exists in favor of the estate or a personal representative of the deceased child. And because there is no such allegation, defendants contend it does not appear that plaintiff can maintain this action to recover under secs. 331.03 and 331.04, Stats., for wrongful death in view of the provisions in sec. 331.04 (1), Stats., that,—

"Every such action shall be brought by and in the name of the personal representative of such deceased person, . . . provided, that if there be no cause of action in favor of the estate

of such decedent and the person or persons to whom the whole amount sued for and recovered belongs, as above provided, shall be the husband, widow, or parent or parents, lineal descendant or ancestors, brothers or sisters of the deceased, suit may at his or her or their option be brought directly in his or her or their name or names instead of being brought in the name of the personal representative of such deceased person."

Defendants' contention must be sustained. As we said in *Neuser v. Thelen,* 209 Wis. 262, 266, 244 N. W. 801 (action by a widow to recover for her own injury and also damages for the wrongful death of her husband),—

"The statute plainly enough places the right of action in the administrator and denies to the person for whose benefit the action is brought the right to bring suit in his or her own name, unless no action lies in favor of the estate. Sec. 331.04, Stats. The objection that the cause of action lies in favor of the personal representative of a deceased person and not in the person suing goes to the sufficiency of the complaint and not to the want of capacity to sue."

Likewise in *Schilling v. Chicago, North Shore & Milwaukee R. Co.* 245 Wis. 173, 176, 177, 13 N. W. (2d) 594 (action by a widow to recover damages for the wrongful death of her husband), we said,—

"In order to maintain this cause of action in her own name plaintiff [whose husband was killed] must come within the provisions of sec. 331.04 (1), Stats. . . . In order for the plaintiff to maintain this action she must bring herself within the statute *and allege facts to negative any cause of action in favor of the estate."*

Consequently, as the plaintiff herein has not alleged facts essential to negative any cause of action in favor of the deceased's estate, the complaint does not state facts sufficient to constitute a cause of action under secs. 331.03 and 331.04, Stats.; and as the defect in this respect was one of the grounds for defendants' demurrer, the court erred in not sustaining the demurrer.

*By the Court.*—Order reversed, with directions to enter an order sustaining the defendants' demurrer.