HERRO, Administrator, Appellant, vs. STEIDL and another, Respondents.

*May 4—June 7, 1949.*

For the appellant there was a brief by *Marshall Arrieh* of Milwaukee, attorney, and *Vilas L. Rasmussen of* Oconomowoc of counsel, and oral argument by *Mr. Arrieh.*

*George D. Young* of Milwaukee, for the respondents.

BROADFOOT, J. The complaint herein makes the following allegations: Abdulla W. Herro, seventy-one years of age, was struck by an automobile in the city of Oconomowoc on October 10, 1947. On October 12, 1947, he died from the injuries sustained in that collision. He was survived by his widow, Lottie Herro, and four children. The driver of the car that struck him was the defendant Steidl. Alfred A. Herro, son of the decedent, was appointed administrator with will annexed of the decedent's estate on November 18, 1947.

An action for wrongful death was commenced by the plaintiff as such administrator on July 6, 1948. The complaint contains three causes of action, each one alleging the identity of the parties, the issuance of the policy of insurance by the defendant casualty company, and that the injuries to decedent were caused by the negligence of the defendant driver. The first cause of action is for pain and suffering of decedent and for bills incurred for hospitalization, medical care, and funeral expenses. The second cause of action is for pecuniary loss to the statutory beneficiaries of the decedent, and the third cause of action is for loss of society and companionship by decedent's widow.

On July 24, 1948, the defendants answered the first and second causes of action and demurred to the third cause of

action on the ground that the allegations therein do not state facts sufficient to constitute a cause of action.

The memorandum opinion of the trial court indicates that the contention of the defendants on the demurrer was that the complaint in the third cause of action did not allege the existence of any person entitled to recover for loss of society and companionship under the provisions of sec. 331.04 (2), Stats.

Lottie Herro, the widow, died on May 13, 1948, prior to the commencement of the action. The appellant raises this question: Does the right of the administrator to recover damages for loss of society and companionship pursuant to sec. 331.04 (2), Stats., abate upon the death of decedent's widow prior to the commencement of the action where she was the only surviving beneficiary named therein? He claims that this question should be answered in the negative.

His first contention is that said subsection does not create a separate cause of action but only adds another element of damages to be recovered under sec. 331.04 (1) (a), Stats. He is right in this contention. *Cronin v. Cronin,* 244 Wis. 372, 12 N. W. (2d) 677; *Papke v. American Automobile Ins. Co.* 248 Wis. 347, 21 N. W. (2d) 724.

His next contention is that recovery for loss of society and companionship, being merely an element of damages in an action for wrongful death, cannot abate, as only a cause of action can abate. Sec. 331.03, Stats., creates for the benefit of persons named in sec. 331.04 (1) (a) a cause of action for the wrongful death of a person. No such action existed at common law because the death of the victim was considered to destroy his capacity to have a cause of action arising out of this event. The statutory action created by sec. 331.03 exists in the specific persons named in sec. 331.04, and depends upon the contingencies there recited. Sec. 331.04 (2) provides: "In addition to the benefits provided for in subsection (1), a

sum not exceeding $2,500 for loss of society and companionship shall accrue to the parent or parents or husband or wife of the deceased." This is an element of damages available only to certain specifically named beneficiaries of the general cause of action. It may not be proper to consider that the damages for loss of society and companionship abate upon the death of parent or parents or husband or wife of the decedent, but in any case the same effect is achieved because they are the only beneficiaries who can recover this additional item of damage. As to all other designated beneficiaries the cause of action is for pecuniary loss caused by the wrongful death of decedent, the continuance of whose life would have been beneficial to them. *Brown v. Chicago & N. W. R. Co.* 102 Wis. 137, 77 N. W. 748, 78 N. W. 771; *Keasler v. Milwaukee E. R. & L. Co.* 195 Wis. 108, 217 N. W. 687; *Quinn v. Chicago, M. & St. P. R. Co.* 141 Wis. 497, 124 N. W. 653.

The widow died on May 13, 1948, and there is no one to whom the damages for loss of society and companionship can accrue, and to sustain an action under this section of the statutes it must appear by pleading and proof that there is a person living who will be entitled to the money if recovered. *Woodward v. Chicago & N. W. R. Co.* 23 Wis. 400; *Brown v. Chicago & N. W. R. Co., supra.* The right of recovery given by the statutes to the beneficiaries named therein is personal and the damages are limited to an indemnity for the pecuniary injury resulting therefrom to such beneficiary. This right is not a vested property right and does not survive as to the heirs of the deceased beneficiary. *Schmidt v. Menasha Woodenware Co.* 99 Wis. 300, 74 N. W. 797. The rule is given in the following language in the case of *Eleason v. Western Casualty & Surety Co.* 254 Wis. 134, 139, 35 N. W. (2d) 301:

"(2) Does a cause of action for wrongful death in the widow of L. C. Brown survive her death? Appellants in their reply brief rely on the rule recognized in *Milwaukee v. Boynton Cab Co.* 201 Wis. 581, 229 N. W. 28, 231 N. W.

597.    Since that decision was rendered the legislature in 1931 amended sec. 331.04, Stats.    We, therefore, do not consider that ruling as controlling here.    Ch. 263, Laws of 1931, added the following clause to sec. 331.04 : 'If any of the foregoing relatives shall die at any time after such cause of action shall have accrued, the relative or relatives next in order named above shall be entitled to recover for the wrongful death of the deceased.'    By that clause, when the widow died, a cause of action for the wrongful death vested in the deceased's lineal descendants.    It was not her cause of action, but a new one given the lineal descendants by the statute."

The allegations in the third cause of action did not show affirmatively the survival of any of the beneficiaries named in the statute, and the demurrer was therefore properly sustained.

*By the Court.*—Order affirmed.