ARENDT and wife, Respondents, vs. KRATZ and another, Appellants.

*January 11—February 6, 1951.*

For the appellants there was a brief by *McCue, Regan & McCue* of Milwaukee, *Evrard & Evrard* and *Duffy, Holman & Faulds,* all of Green Bay, and oral argument by *Raymond E. Evrard.*

For the respondents the cause was submitted on the brief of *McHale & Goodnough* of Antigo.

BROWN, J.   The complaint shows that on July 3, 1949, a certain Mr. Michiels was driving an automobile in which his wife and only child were passengers. He collided with an automobile driven by Kratz. Both drivers are alleged to have been causally negligent. Mrs. Michiels was killed instantly and the child died a few days later. Several months later Mr. Michiels died. No action had been commenced by or for any of these persons before the death of Mr. Michiels. There was no cause of action in favor of Mrs. Michiels' estate and, after Mr. Michiels' death, Mr. and Mrs. Arendt, who are the parents of Mrs. Michiels, commenced this action against Kratz for the wrongful death of their daughter, under secs. 331.03 and 331.04, Stats. 1947, for pecuniary loss as permitted by sec. 331.04 (1), and for loss of their daughter's society as permitted by sec. 331.04 (2). Sec. 331.03, Stats. 1947, declares that a cause of action against a tort-feasor survives the person whose death was caused by the tort. The material parts of sec. 331.04 are:

*"Who to bring action; damages limited.* (1) (a) Every such action shall be brought by and in the name of the personal representative of such deceased person, and the amount

recovered shall belong and be paid over to the husband or widow of such deceased person, if such relative survive him or her; but if no husband or widow survive the deceased the amount recovered shall be paid over to his or her lineal descendants and to his or her lineal ancestors in default of such descendants, but if no husband, or widow, or lineal descendant, or ancestor survive the deceased, the amount recovered shall be paid over to the brothers and sisters; and in every such action the jury may give such damages, not exceeding $12,500, as they may deem fair and just in reference to the pecuniary injury, resulting from such death to the relatives of the deceased specified in this section; and a non-resident alien surviving wife and minor children shall be entitled to the benefits of this section. If any of the foregoing relatives shall die at any time after such cause of action shall have accrued, the relative or relatives next in order named above shall be entitled to recover for the wrongful death of the deceased; provided, that if there be no cause of action in favor of the estate of such decedent and the person or persons to whom the whole amount sued for and recovered belongs, as above provided, shall be the husband, widow, or parent or parents, lineal descendant or ancestors, brothers or sisters of the deceased, suit may at his or her or their option be brought directly in his or her or their name or names instead of being brought in the name of the personal representative of such deceased person. . . .

"(2) In addition to the benefits provided for in subsection (1), a sum not exceeding $2,500 for loss of society and companionship shall accrue to the parent or parents or husband or wife of the deceased."

Defendant demurred on the ground that the complaint did not state a cause of action. He submits that upon the death of Mrs. Michiels the causes of action for pecuniary loss and loss of society accrued to Mr. Michiels and that upon his death his rights passed to his parents and not to the parents of his wife. The defendant also argues that since Mr. Michiels was a joint tort-feasor he had no right of action against himself and therefore there was no right of action which could pass from him to any other person. He also contends

that the secondary beneficiaries recognized by sec. 331.04, Stats., are substitutes for the first beneficiary, the husband here, and cannot have a greater right of action than he, who, as joint tort-feasor, had none."

Defendant's argument fails because it is based upon the idea of a transfer of Michiels' cause of action to more remote beneficiaries. We have not so interpreted the statute. In *Eleason v. Western Casualty & Surety Co.* (1948), 254 Wis. 134, 35 N. W. (2d) 301, a Mr. Brown was killed in an accident and his wife injured. Then she died and her administratrix brought action to recover for the wrongful death of Brown. Interpreting sec. 331.04, Stats., we held when the widow died a cause of action for the wrongful death of her husband vested in the husband's lineal descendants, which was not the widow's cause of action but an independent one given the lineal descendants by the statute. We directed the complaint of the administratrix dismissed and that of Brown's lineal descendants reinstated.

In *Herro v. Steidl* (1949), 255 Wis. 65, 37 N. W. (2d) 874, Herro died as a result of an accident after experiencing conscious pain and suffering. A widow survived him for a time and then died. Thereafter his administrator brought action for loss of Herro's society by the widow. The defendant demurred. On appeal we held that the statutory recovery for wrongful death which is created by sec. 331.03, Stats., exists in the specific persons named in sec. 331.04, and depends upon the contingencies there recited; recovery for loss of society authorized by sec. 331.04 (2) is an element of damages available only to certain specifically named persons and no one not named or designated by the statute can enjoy its benefits. Since the complaint did not show the survival of any of the beneficiaries named in sec. 331.04 (2), there did not appear to be anyone qualified to recover for loss of society and the order sustaining the demurrer was affirmed.

The two foregoing authorities follow the earlier cases of *Cronin v. Cronin* (1944), 244 Wis. 372, 12 N. W. (2d) 677, and *Papke v. American Automobile Ins. Co.* (1946), 248 Wis. 347, 21 N. W. (2d) 724. We believe that these decisions correctly interpret and apply the statutes in question and again hold that where the estate of the deceased had no cause of action these sections gave causes of action to the surviving spouse, and if that spouse dies without exercising the right there is no survival of the spouse's right or transfer of it to his or her personal representative or heirs but a new right is established in the relative of the injured person next in order as provided by sec. 331.04, Stats.; and if that beneficiary dies in turn without having begun an action, the relative next in order to him obtains his own right to sue, and so on until the chain of statutory beneficiaries comes to an end. Each beneficiary in turn must proceed for himself for the damages he has sustained and he does not recover either upon the cause of action or for the loss sustained by any preceding beneficiary. This principle holds, whether the claim is for pecuniary loss or loss of society, the only difference between them being that for loss of society the right of recovery is limited to a smaller class.

We conclude that the present action is brought by those legally entitled to bring it and the learned trial court properly overruled defendant's demurrer to the complaint.

*By the Court.*—Order affirmed.