Cincoski and wife, Appellants, vs. Rogers and another,
Respondents.

*May 7—June 3, 1958.*

For the appellants there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *John Doar*.

For the respondents there was a brief and oral argument by *Donald L. Farr* of Eau Claire.

BROADFOOT, J. The issue to be determined is whether or not the plaintiffs are entitled to bring an action for the wrongful death of their daughter under the stipulated facts.

Actions for wrongful death are purely statutory. Secs. 331.03 and 331.04, Stats., provide for recovery by or in behalf of certain relatives for a wrongful death. The relatives who are beneficiaries of the action are designated, but the statutes further provide the order in which such persons are

entitled to participate. The statutes designate the beneficiaries and also designate preferences according to the relationship to the deceased. The beneficiaries and their preferred status are as follows: First, the spouse; second, a child or children; third, the parents. Thus the nonexistence of the preferred beneficiary or beneficiaries is essential to a right of action by or in behalf of other beneficiaries. The action must be brought by or for the wrongful death in the order of preference fixed by the statute. Had there been no divorce Mr. Trask would have been entitled to recover. Because of the divorce the action for wrongful death accrued to the son. The parents of the deceased are deferred beneficiaries by statute and a cause of action would accrue to them only if neither a spouse nor child was eligible to proceed.

The statutes fail to provide for a recovery of damages for loss of society and companionship by a child. The plaintiffs contend that the legislature intended that someone is entitled to recover for this element of damages. However, it has been held in several cases that sub. (4) of sec. 331.04, Stats., does not create a separate cause of action but merely provides an additional element of damages recoverable in an action for wrongful death, if the cause of action has accrued to a spouse or to parents. *Cronin v. Cronin,* 244 Wis. 372, 12 N. W. (2d) 677; *Papke v. American Automobile Ins. Co.* 248 Wis. 347, 21 N. W. (2d) 724; *Herro v. Steidl,* 255 Wis. 65, 37 N. W. (2d) 874; *Arendt v. Kratz,* 258 Wis. 437, 46 N. W. (2d) 219.

The plaintiffs are beneficiaries in a deferred class under the statutes and are entitled to sue only where there is no person in existence belonging to one of the prior classes. Were it not for the existence of the minor son the parents would be next in order and would then be eligible to commence an action in which damages for loss of society and companionship would be an element.

*By the Court.*—Judgment affirmed.