NICHOLS, Appellant, v. UNITED STATES FIDELITY & GUARANTY COMPANY and another, Respondents.

*April 4—May 2, 1961.*

494

For the appellant there was a brief and oral argument by *Charles Saggio* of Milwaukee.

For the respondents United States Fidelity & Guaranty Company and Paul Nichols there was a brief and oral argument by *John A. Kluwin* of Milwaukee.

HALLOWS, J. This appeal was taken without a bill of exceptions and, therefore, the case is before us on the record only. *Geis v. McKenna* (1960), 10 Wis. (2d) 16, 102 N. W. (2d) 101; *Garcia v. Chicago & N. W. R. Co.* (1950), 256 Wis. 633, 42 N. W. (2d) 288. Thus, in considering the assigned errors, we can only determine whether or not the pleadings and the verdict sustain the judgment. *Town of Madison v. City of Madison* (1955), 269 Wis. 609, 70 N. W. (2d) 249; *Rode v. Sealtite Insulation Mfg. Corp.* (1958), 3 Wis. (2d) 286, 88 N. W. (2d) 345.

In order to understand the plaintiff's position on this appeal, we were told on oral arguments, and it is apparent from the record, the amount of the judgment in favor of the plaintiff individually exceeded the combined limits of the policies for one person and if the cause of action for the wrongful death and loss of society and companionship belonged to the administratrix of the estate of the deceased husband, such damages might be a basis for a claim under policies which provided a higher monetary limitation on the insurers' liability arising from one accident. This question of coverage is not before us as the policies are not in the record. The first question then is whether, when under sec. 331.04, Stats., a widow sues individually and as administratrix of her husband's estate, stating a cause of action for wrongful death and for loss of society and companionship in each capacity, should recovery be allowed to the plaintiff as the widow or to her as the personal representative?

Plaintiff argues because a cause of action for pain and suffering of a deceased survives and belongs to the estate,

the administratrix is entitled to recover for the wrongful death and the loss of society and companionship, relying on *Johnson v. Larson* (1946), 249 Wis. 427, 25 N. W. (2d) 82, and *Schilling v. Chicago, N. S. & M. R. Co.* (1944), 245 Wis. 173, 13 N. W. (2d) 594. Before the amendment to sec. 331.04, Stats., 39 W.S.A., p. 310, allowing an action for wrongful death to be brought by the person to whom the amount recovered belongs, the personal representative was the only person who could bring such an action excepting in those instances where no survival action existed in favor of the estate. In such cases only, the action for wrongful death could be maintained by the beneficiaries. However, sec. 331.04 was amended to provide that an action for wrongful death could be commenced by either the personal representative or the beneficiary or both, but separate actions for the same death were to be consolidated in order that a single judgment would extinguish all liability for such death. The effect of this amendment was pointed out in *Swanson v. State Farm Mut. Automobile Ins. Co.* (1953), 264 Wis. 274, 58 N. W. (2d) 664. Plaintiff contends that *Swanson* did not change the rule of the *Johnson* and *Schilling Cases* and consequently, if a survival action exists, as in this case, only the personal representative can bring the action for wrongful death. We do not agree.

The action for wrongful death does not belong to the estate of the deceased or become an asset thereof. The personal representative, in bringing a wrongful-death action, acts as agent of the persons for whose benefit the action is brought and as such agent does not acquire legal title or any interest in the recovery excepting for his fees and expenses, and even as to those, the county court has no power to value the personal representative's services or declare the amount thereof a lien upon the funds recovered. *Estate of Arneberg*

(1924), 184 Wis. 570, 200 N. W. 557. A nonsurviving cause of action for wrongful death under sec. 331.04, Stats., is granted by statute and is vested in the beneficiaries designated therein and in accordance with the contingencies named. *Arendt v. Kratz* (1951), 258 Wis. 437, 46 N. W. (2d) 219. Each class of beneficiaries has a new and independent right to sue for its own pecuniary loss if no prior beneficiary exists. *Herro v. Steidl* (1949), 255 Wis. 65, 37 N. W. (2d) 874. Damage for loss of society and companionship is not a separate cause of action but is an additional element of damages recoverable in the cause of action for wrongful death. *Cincoski v. Rogers* (1958), 4 Wis. (2d) 423, 90 N. W. (2d) 784; *Papke v. American Automobile Ins. Co.* (1946), 248 Wis. 347, 21 N. W. (2d) 724.

Death statutes vary in form and in purpose in the various states and three general types are recognized. Restatement, 2 Torts, p. 1279, sec. 493. The Wisconsin statute, which is the more-general type, has for its purpose the compensation of the survivors for the pecuniary benefits which they would have derived from the earning power of the deceased if he had lived. In *Truesdill v. Roach* (1960), 11 Wis. (2d) 492, 105 N. W. (2d) 871, we referred to the beneficiaries as owners of the cause of action even though it was not necessary for them to sue. The right to sue must be distinguished from the ownership of the recovery. Sec. 331.04 (1), Stats., 39 W.S.A., p. 310, provides either the personal representative or the person to whom the recovery belongs may sue; sec. 331.04 (2), 39 W.S.A., p. 310, designates to whom "the amount recovered shall belong and be paid." Because the cause of action belongs to the beneficiary, the contributory negligence of the beneficiary will bar or cut down the amount of his recovery, but the contributory negligence of the personal representative is no bar or does not

cut down the amount of recovery belonging to a beneficiary. *Munsert v. Farmers Mut. Automobile Ins. Co.* (1939), 229 Wis. 581, 281 N. W. 671; *Hansberry v. Dunn* (1939), 230 Wis. 626, 284 N. W. 556; *Reber v. Hanson* (1952), 260 Wis. 632, 51 N. W. (2d) 505. It is, of course, true that under sec. 331.03, Stats., 39 W.S.A., p. 291, an action for wrongful death may only be brought, regardless by whom, when the injured person would have been entitled to maintain an action for damages had he lived. *Cronin v. Cronin* (1944), 244 Wis. 372, 12 N. W. (2d) 677.

The provisions of sec. 331.04 (3), Stats., 39 W.S.A., p. 310, do not determine the ownership of the cause of action is in the personal representative. That section is for the benefit and the protection of the defendants and provides if separate actions are brought for the same wrongful death, they may be consolidated and if such a consolidation is not effected so that a single judgment may be entered protecting the defendants, only the action brought by the personal representative shall proceed. Separate actions were not brought here, and a single judgment in this suit and the satisfaction of such judgment will extinguish all liability for the wrongful death. The language in sec. 331.04 (6), Stats., 39 W.S.A., p. 310, which provides "where the wrongful death of a person creates a cause of action in favor of the decedent's estate" and also a cause of action in favor of the spouse or relatives, such spouse or relatives may waive and satisfy the estate's cause of action in connection with or as a part of the settlement and discharge of the cause of action of the spouse and relatives, must be understood to mean, in light of sec. 331.04 (1), Stats:, 39 W.S.A., p. 310, that the personal representative of the deceased may bring the action but title to the cause of action is not vested in the estate as an asset thereof. To hold otherwise would be con-

trary to prior decisions of this court on the subject. The trial court was, therefore, correct in including in the judgment in favor of the plaintiff in her individual capacity as widow the damages for pecuniary loss for the wrongful death and for loss of society and companionship.

Without a bill of exceptions, we cannot determine if there was error in allowing the funeral expenses and medicals of the deceased to the plaintiff individually. The complaint asked for these items as a part of plaintiff's individual damages. The verdict allowed them to her. On the record, the judgment is supported.

The defendant United States Fidelity & Guaranty Company failed to set forth the limits of its policy in its answer and the plaintiff contends because of this and also even if the policy limits were pleaded, the insurer is liable for the full amount of the verdict because a limited judgment against the insurer gives rise to many difficulties. We find no merit in this contention. The fact that a third party can sue an insurer of a motor vehicle direct under sec. 260.11, Stats., 30 W.S.A., p. 39, without first recovering a judgment against the insured defendant, does not enlarge the coverage afforded by such policy or determine the insurer's liability thereunder. The third party can only recover from the insurer by virtue of the contract existing between it and its insured, and if the limits and coverage of the policy are properly pleaded and proved, the policy determines the insurer's liability with some exceptions not material to this case. Here, the defendant United States Fidelity & Guaranty Company pleaded its liability was limited by the terms and coverage of its policy. The policy was admitted in evidence. Under sec. 263.03 (2), Stats., 30 W.S.A., p. 312, a complaint needs only to plead ultimate facts; we hold no more should be required of the defendant in his answer under sec.

263.13, Stats., 30 W.S.A., p. 511. In *Dostal v. Saint Paul-Mercury Indemnity Co.* (1958), 4 Wis. (2d) 1, 16, 89 N. W. (2d) 545, we stated:

"We think the burden of pleading and proving the policy limits was upon the insurer."

If the plaintiff considered the answer indefinite or uncertain, she could have moved to make it more definite and certain. However, she did not do so.

The plaintiff additionally contends the judgment for damages of $2,260.65 in favor of the administratrix should have been ordered not only against the insurers but also against the two individual defendants. The correctness of appellant's position is conceded. The judgment can be corrected by this court under the doctrine of *Lind v. Lund* (1954), 266 Wis. 232, 63 N. W. (2d) 313; therefore, the judgment for these damages in favor of the plaintiff as administratrix should be modified to allow recovery also against the individual defendants.

The last contention of appellant raises the interesting question of whether interest against the insurers should have been allowed on the entire amount of the verdict rather than only upon that portion for which they were liable under their respective policies. Neither the appellant nor the insurers have cited any cases on this issue. The order for judgment provided generally for interest and costs. In taxing costs, the plaintiff sought to tax the full amount of interest against the insurers. Under sec. 271.04 (4), Stats., 33 W.S.A., p. 442, interest is allowed on the verdict from the date thereof until judgment is entered and is to be computed by the clerk and added to the costs. The clerk allowed interest against the insurers on that part of the verdict for which they were respectively liable under their policies and against the individual defendants for that portion of the verdict in excess of that amount. If the plaintiff was not satisfied with

the manner in which the clerk taxed interest, she should have taken a review to the trial court under sec. 271.10 (4), Stats., 33 W.S.A., p. 463. This, the plaintiff failed to do, and asks this court, on appeal, to review the action of the clerk without first having raised the question before the trial court. The question, therefore, is not properly before us.

We wish to point out that interest on the amount of the verdict from the date thereof to the date of the judgment, although added to the costs under sec. 271.04 (4), Stats., 33 W.S.A., p. 442, forms no part of the costs. *John V. Farwell Co. v. Wolf* (1897), 96 Wis. 10, 70 N. W. 289; 37 L.R.A. 138. Whether the entire amount of interest on the verdict should be allowed against the insurer when the amount of recovery exceeds policy limits seems to us on principle to depend upon the language of the policy. We have found no cases dealing with the subject of interest on the verdict to the date of the judgment. However, there is a split of authority in the cases considering interest accruing after the entry of judgment when the policy provides "to pay all costs . . . also all interest accruing after entry of judgment until the company had paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon." Some authorities construe the policy to mean the liability of the insurer for interest is limited to that part of the judgment for which it is liable and excludes the interest on that part of the judgment which exceeds its liability under the policy. *Sampson v. Century Indemnity Co.* (1937), 8 Cal. (2d) 476, 66 Pac. (2d) 434. The court also reasoned interest is for the use of money and during the delay in payment of the judgment, the insured has the use of his own money on that part of the judgment for which the insurer is not liable and, therefore, should pay his own interest. The *Sampson Case* has been followed in *Standard Accident Ins.*

*Co. v. Winget* (9th Cir. 1952), 197 Fed. (2d) 97, 34 A.L.R. (2d) 250, and in *Herzog v. Fidelity & Casualty Co.* (10th Cir. 1958), 257 Fed. (2d) 840. This view has also been taken by intermediate and appellate trial courts. *Watseka v. Bituminous Casualty Corp.* (1952), 347 Ill. App. 149, 106 N. E. (2d) 204; *Indemnity Ins. Co. v. Hawkeye-Security Ins. Co.* (D. C. Colo. 1958), 158 Fed. Supp. 817; *Maryland Casualty Co. v. Peppard* (1916), 53 Okla. 515, 157 Pac. 106; L.R.A. 1916E 597.

In the absence of controlling state decisions, three federal appellate courts have held similar provisions of a liability policy require the insurer to pay interest on the entire judgment, not on only the insured portion thereof, on the ground (1) the language of the policy was ambiguous and should be construed against the insurer, or (2) the insurer had the right to litigate the entire amount of the judgment in an effort to save its coverage and the insured should not be penalized, or (3) the insurer had a right to control the litigation and could terminate its liability for all interest by the payment of the insured portion of the judgment. *Maryland Casualty Co. v. Wilkerson* (4th Cir. 1954), 210 Fed. (2d) 245; *Underwood v. Buzby* (3d Cir. 1956), 236 Fed. (2d) 937; *United Services Automobile Asso. v. Russom* (5th Cir. 1957), 241 Fed. (2d) 296. See Anno. Liability of indemnity or liability insurer in respect of interest and costs where recovery against insured exceeds indemnity. 109 A.L.R. 1167.

*By the Court.*—The judgment is modified as directed in this opinion and, as so modified, it is affirmed.