KRAUSE and others, Appellants, v. HOME MUTUAL INSUR-
ANCE COMPANY, Respondent.*

*October 30—November 28, 1961.*

* Motion for rehearing denied with $25 costs, on February 6, 1962.

For the appellants the cause was submitted on the brief of *Brazeau, Brazeau, Potter & Cole* of Wisconsin Rapids.

For the respondent there was a brief by *Byrne, Bubolz & Spanagel,* attorneys, and *William S. Pfankuch* of counsel, all of Appleton, and oral argument by *Edward J. Byrne.*

BROADFOOT, J.   The issue to be determined is whether the plaintiffs have a cause of action for the wrongful death of their mother against the estate of their father under the allegations of the complaint. If they do, the complaint states a cause of action against the father's insurance company.

The company contends that since the father was negligent he, as the surviving spouse, could have no cause of action against himself. It is further contended that while he may have committed a tort against his wife he neither breached nor had any duty to any of the deferred beneficiaries under the provisions of sec. 331.04 (2), Stats. Therefore, it is argued, a new cause of action in persons he owed no duty to, not brought into existence at the time of the accident, cannot be created because of his death.

The trial court adopted the view of the insurance company and stated in its memorandum decision:

"We, therefore, are now confronted with a situation where the preferred beneficiary, the surviving spouse, had no valid cause of action for the wrongful death of his wife but that the claim is now asserted that in view of his death following the death of his wife, a new cause of action—a new right—is created in the deferred beneficiaries, the children, as of the time of the death of the preferred husband beneficiary.

"The difficulty with that contention is that it contemplates an entirely new cause of action not brought into being at the time of the tort committed by the husband which contributed to the death of his wife, but created by the death of the husband beneficiary and tort-feasor.

"At the time of the commission of the act which caused the death of his wife, John Krause breached no duty he owed to any of the deferred beneficiaries under sec. 331.04 (2) of the statutes. At most, he barred—by his own negligence—any right to recover for her wrongful death, with the result that no cause of action for wrongful death of Mrs. Krause accrued to anyone at the time that Mrs. Krause met her unfortunate instant death."

These contentions are fallacious because based upon common-law principles and this is a statutory action. It is true that plaintiffs would have no cause of action at common law. The injustice and hardships resulting from the common-law principles in wrongful-death cases caused the legislature to create statutory remedies and liability. The plaintiffs' rights depend upon a construction of secs. 331.01, 331.03, 331.031, and 331.04, Stats. These statutory provisions have already been construed in several cases, to wit: *Lasecki v. Kabara* (1940), 235 Wis. 645, 294 N. W. 33; *Eleason v. Western Casualty & Surety Co.* (1948), 254 Wis. 134, 35 N. W. (2d) 301; *Herro v. Steidl* (1949), 255 Wis. 65, 37 N. W. (2d) 874; *Arendt v. Kratz* (1951),

258 Wis. 437, 46 N. W. (2d) 219; and *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. (2d) 491, 109 N. W. (2d) 131.

The insurance company and the trial court agree with the result reached in the *Lasecki Case, supra,* but distinguish it from the present case because the husband and wife were killed in the same accident and presumably died simultaneously. They attempt to distinguish the other cases cited above upon the facts, which are, of course, different in each of the cases. However, in deciding those cases and in construing the statutes in question, the conclusion was reached that when the surviving spouse died a cause of action for wrongful death vested in the deferred beneficiaries. It has been pointed out clearly that this cause of action was not the cause of action of the surviving spouse but was a new cause of action given by statute. In the *Arendt Case, supra,* after referring to the *Eleason* and *Herro Cases,* this court said (p. 441):

"We believe that these decisions correctly interpret and apply the statutes in question and again hold that where the estate of the deceased had no cause of action these sections gave causes of action to the surviving spouse, and if that spouse dies without exercising the right there is no survival of the spouse's right or transfer of it to his or her personal representative or heirs but a new right is established in the relative of the injured person next in order as provided by sec. 331.04, Stats.; and if that beneficiary dies in turn without having begun an action, the relative next in order to him obtains his own right to sue, and so on until the chain of statutory beneficiaries comes to an end. Each beneficiary in turn must proceed for himself for the damages he has sustained and he does not recover either upon the cause of action or for the loss sustained by any preceding beneficiary. This principle holds, whether the claim is for pecuniary loss or loss of society, the only difference between them being that for loss of society the right of recovery is limited to a smaller class."

The trial court intimates that the above statement was not necessary to the decision in that case. However, it was then our considered opinion of the proper construction of the statutes and was approved in the *Nichols Case, supra.* These cases establish that upon the death of a preferred beneficiary a new right is vested in the deferred beneficiaries to recover, as in this case, for the wrongful death of the mother of the plaintiffs. It is not the same right that the surviving spouse had during his lifetime.

There is some language in the *Lasecki Case, supra,* that might be deemed inconsistent with the language in our later decisions. To the extent that it might be so considered that language is withdrawn. The result reached in the *Lasecki Case* is approved.

An error on the part of the insurance company and the trial court is the concept that no tort was committed against the children at the time of the death of their mother. Certainly Mr. Krause owed them a duty to drive carefully while his wife was a guest-passenger and not to operate his automobile in a negligent manner and thereby deprive the plaintiffs of their mother. No one can seriously contend that the loss of their mother did not damage the plaintiffs. However, under the statute they were not permitted to recover damages because of their loss while the father was living. Upon his death the statutes vested them with a new right to commence the action for the wrong committed and to recover their damages therefor as provided by statute.

Accepting the allegations of the complaint as true, as we must upon demurrer, it is clear that Catherine Krause would have had a cause of action against the estate of John Krause, deceased, but for her death, under the provisions of

sec. 331.031, Stats. Because of her death, sec. 331.04 gives the children the right to recover damages therefor. Since their claim could be enforced against the estate of John Krause, deceased, it may be enforced against his insurer. The complaint therefore states facts sufficient to constitute a cause of action.

*By the Court.*—Order reversed.