John **MURRAY**, Plaintiff,

v.

The **LOEWEN GROUP**, Peter S. Hyndman, The Charon Holdings Corporation, Chubb Insurance Company of Canada, and The Chubb Corporation, Defendants.

No. CIV. A. 98–C–1224.

United States District Court, E.D. Wisconsin.

March 8, 2001.

Robert J. Gingras, John L. Cates, Gingras, Cates & Luebke, Madison, WI, for plaintiff.

Jeffrey K. Spoerk, Quarles & Brady, Milwaukee, WI, for Loewen Group, Peter S. Hyndman, Charon Holdings Corp., defendants.

Robert Friebert, Friebert, Finerty & St. John, Milwaukee, WI, David J. Hensler, Peter R. Bissio, Hohan & Hartson LLP, Washington, DC, for Chubb Ins. Co. of Canada, Chubb corp.

## DECISION AND ORDER DATED DISMISSING ALL CLAIMS AGAINST DEFENDANTS THE CHUBB CORPORATION AND CHUBB INSURANCE COMPANY OF CANADA.

REYNOLDS, District Judge.

This action arises out of a set of transactions involving the sale, purchase, and attempted resale of funeral homes. Plaintiff John Murray ("Murray") alleges that defendants, in their purchase and attempted resale of Murray's funeral home business, engaged in tortious conduct including breach of contract, negligent and intentional misrepresentation, civil conspiracy, and breach of fiduciary duty. The court has jurisdiction over the action pursuant to 28 U.S.C. § 1332. Before the court is defendant The Chubb Corporation's ("Chubb Corporation") motion to dismiss or, in the alternative, for summary judgment. The court will grant Chubb Corporation's motion for summary judgment. Also before

the court is defendant Chubb Insurance Company of Canada's ("Chubb Insurance") motion to dismiss or, in the alternative, for summary judgment. The court will grant Chubb Insurance's motion to dismiss for failure to state a claim upon which relief can be granted.

### BACKGROUND

#### I. Legal Standard

A complaint is properly dismissed under 12(b)(6) only if, taking all facts alleged by plaintiff to be true and construing all inferences in favor of plaintiff, plaintiff fails to state a claim upon which relief can be granted. *See Pleva v. Norquist,* 195 F.3d 905, 911 (7th Cir.1999). The court takes plaintiff's factual allegations as true and draws all reasonable inferences in plaintiff's favor. A motion to dismiss will be granted only if it appears from the pleadings that plaintiff cannot prove any set of facts that would entitle plaintiff to relief. *Gastineau v. Fleet Mortgage Corp.,* 137 F.3d 490, 493 (7th Cir.1998).

#### II. Facts Alleged

In 1995, Murray was the sole owner and proprietor of a number of funeral homes in Wisconsin. (July 18, 2000 Second Amended Complaint ("Compl.") at ¶ 9.) These funeral homes were operated as assets of two separate corporations solely owned by Murray: Murray Community Funeral Homes, Inc., and Kohl Community Funeral Homes, Inc. (Compl.¶ 10.) In 1995, Murray was approached by representatives of defendant The Loewen Group ("Loewen"), which is the second largest "death-care" corporation in the world, about a possible merger between Loewen and Murray's two corporations. (Compl.¶ 11.)

During negotiations with Loewen, representatives of Loewen, including the CEO of Loewen, Raymond Loewen and defendant Peter Hyndman ("Hyndman"); an officer and director of Loewen, made certain assurances to Murray regarding what would happen to Murray and Murray's

corporations should Murray decide to go through with the proposed merger. (Compl.¶¶ 12, 13.) Murray was promised, among other things, that if Murray entered into a merger with Loewen, Murray would be permitted to continue to run his funeral homes as he saw fit, and Murray would be made a regional director for Loewen as well as the president of a new Wisconsin corporation, Community Funeral Homes of Wisconsin, Inc. ("Community"), that would manage all of Loewen's assets in Wisconsin. (Id.)

Around the same time period in which Raymond Loewen and Hyndman were speaking to Murray about a merger, other "death-care" corporations approached Murray about merging with their companies. (Compl.¶ 14.) Murray ultimately decided to merge with Loewen and become a regional partner. (Compl.¶ 15.) On October 24, 1995, Murray entered into a share-purchase agreement ("the Agreement") with Loewen. (Compl.¶ 16.) As part of the Agreement, Murray transferred ownership of all his stock in Murray Community Funeral Homes, Inc., and Kohl Community Funeral Homes, Inc., to Loewen, along with most of the property, assets, and liabilities of the two corporations, and Loewen paid Murray $2,660,513.74 in exchange for the businesses, stock, and property. (Compl.¶¶ 17, 19.) Although Murray's assets and stock were independently appraised in excess of $3.9 million, Murray sold his interests to Loewen for less than market value in exchange for many different assurances Loewen made to Murray. (Compl.¶ 26.)

Prior to entering into the Agreement with Murray, Loewen had been engaged in litigation actions throughout the United States involving issues that created high financial exposure that was potentially crippling to Loewen.[1] (Compl.¶ 30.) Before Murray sold Loewen Murray's corporations, Loewen lost a major court case and was assessed $500 million in damages.[2]

(Compl.¶ 31.) Loewen did not inform Murray of any of its litigation problems prior to entering into the Agreement with Murray. (Compl.¶ 36.)

At the time Loewen entered into the Agreement with Murray, Loewen also owned cemetery properties in Wisconsin. (Compl.¶ 27.) At all times material to this action, Wisconsin has statutorily prohibited anyone with a financial interest in a funeral home from having a financial interest in a cemetery. Wis.Stat. §§ 445.12(6) and 157.067(2). (Compl.¶ 28.) Loewen did not disclose to Murray that it owned cemetery properties prior to entering into the Agreement. In April 1997, Loewen's biggest competitor, Service Corporation International, was sanctioned by the state of Wisconsin for owning and operating both funeral homes and cemeteries in violation of Wisconsin law. (Compl.¶ 34.) After the state determined that Loewen's competitor violated Wisconsin law by operating both funeral homes and cemeteries, Loewen decided to divest itself of all funeral home holdings, including the funeral homes it had recently purchased from Murray. (Compl.¶ 37.)

In May 1997, Raymond Loewen promised Murray that Loewen would allow Murray to purchase the assets of Community, including the funeral homes Murray originally owned, for $19,300,000. (Compl.¶ 38.) Raymond Loewen and Hyndman promised Murray full financial backing by Loewen in order to ensure that Murray could purchase Community. (Compl.¶ 39.) The closing for Loewen's sale of Community to Murray was set for June 30, 1997. (Compl.¶ 40.)

Unbeknownst to Murray, in June 1997, Raymond Loewen and Hyndman were also negotiating a possible sale of Community to defendant Charon Holdings Corporation ("Charon"). (Compl.¶ 40.) Murray was never informed by Loewen that a second

---

1. Murray does not specify what types of litigation Loewen was involved in, or how many actions Loewen was involved in.

2. Loewen eventually settled this claim for $175 million. (Compl.¶ 32.)

purchaser was interested in acquiring the assets of Community. (Compl. ¶ 48.)

On June 30, 1997, Murray appeared at the scheduled closing ready, willing, and able to enter into the contract with Loewen to purchase Community. (Compl. ¶ 43.) At the closing, Loewen informed Murray that the assets of Community had been sold the previous day to Charon for over $1 million less than what Murray had agreed to pay for the assets. (Compl. ¶ 44.) Murray was not given notice of the negotiations with Charon, despite the fact that Murray was an officer and director of Community, and Murray was not compensated after Community was sold to Charon, despite the fact that Murray owned 10% of Community pursuant to the Agreement. (Compl. ¶¶ 49, 152.)

## DISCUSSION

Murray alleges that Chubb Insurance and Chubb Corporation are liable to Loewen to pay any judgments against Loewen pursuant to an insurance policy held by Loewen.[3] In making this claim, Murray relies on Wisconsin's direct action statute, Wis.Stat. § 632.24, which provides:

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

I. *Chubb Corporation's Motion for Summary Judgment*

■ Chubb Corporation, a Canadian corporation, moves this court for summary judgment because Chubb Corporation is not an insurance company, and it neither issued insurance policies involved in this action, nor entered into contracts with any parties in this action. (Sep. 11, 2000 Gulick Aff. ¶¶ 2–3.) Chubb Corporation states that because it is not an insurer, Murray cannot state a claim against Chubb Corporation under Wisconsin's direct action statute. Murray does not dispute Chubb Corporation's assertion that it is not an insurer. The court will therefore grant Chubb Corporation's unopposed motion for summary judgment.[4]

II. *Chubb Insurance's Motion to Dismiss for Lack of Personal Jurisdiction*

Chubb Insurance, also a Canadian corporation, has filed a motion to dismiss Murray's claims against Chubb Insurance due to lack of personal jurisdiction. Chubb Insurance maintains that it lacks the "minimum contacts" with the State of Wisconsin necessary to support personal jurisdiction because Chubb Insurance does not maintain an office, issue insurance policies, or solicit applications for insurance in the state of Wisconsin. For the reasons discussed below, the court will exercise personal jurisdiction over Chubb Insurance.

■ As plaintiff, Murray bears the burden of demonstrating personal jurisdiction. *See Central States, S.E. and S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). Murray maintains that the court has specific personal jurisdiction over Chubb Insurance, meaning that personal jurisdiction over Chubb Insurance relates to Chubb Insurance's activities connected with this action. *See Steel Warehouse of*

---

3. Murray also alleges that Chubb Corporation and Chubb Insurance provided insurance to Hyndman. For the sake of simplicity, the court will refer to Chubb Insurance's insurance policy with respect to Loewen only. Omitting Hyndman's name from the discussion neither changes the arguments nor the analysis involved in these motions.

4. In addition to arguing that Murray's claims against Chubb Corporation should be dismissed because Chubb Corporation is not an insurer, Chubb Corporation argues that Murray's claims against it should be dismissed for lack of personal jurisdiction. The court will deny as moot Chubb Corporation's motion to dismiss for lack of personal jurisdiction.

*Wisconsin, Inc. v. Leach,* 154 F.3d 712, 714 (7th Cir.1998). Because this action is in federal court on the basis of diversity of citizenship, the court has personal jurisdiction over Chubb Insurance only to the extent authorized by Wisconsin law. *See id.*

 Under Wisconsin law, Murray must satisfy personal jurisdiction by establishing that Chubb Insurance comes within the grasp of Wisconsin's long-arm statute, Wis.Stat. § 801.05. In the present case, Chubb Insurance concedes that its activities in connection with this action fall within the grasp of Wisconsin's long-arm statute, Wis.Stat. § 801.05(3), which states that a Wisconsin court has personal jurisdiction over a defendant in any action in which the plaintiff claims that the defendant engaged in an activity in Wisconsin which injured the plaintiff. Under Wisconsin law, "[c]ompliance with the long-arm statute is presumed to be compliance with due process requirements." *Marsh v. Farm Bureau Mut. Ins. Co.,* 179 Wis.2d 42, 53, 505 N.W.2d 162, 166 (Ct.App.1993). The burden therefore switches to Chubb Insurance to demonstrate that exercising jurisdiction over Chubb Insurance violates the due process clause of the federal Constitution. *See Steel Warehouse of Wisconsin,* 154 F.3d at 714.

 Due process requires that certain minimum contacts must exist between Chubb Insurance and Wisconsin before the court may exercise jurisdiction over Chubb Insurance. *See id.* In order for the court to find that Chubb Insurance did have the requisite minimum contacts with Wisconsin to satisfy due process, the court must find that Chubb Insurance purposefully availed itself of the privilege of conducting business in Wisconsin. *See Employers Ins. of Wausau v. Banc De Seguros Del Estado,* 199 F.3d 937, 943 (7th Cir.1999). Moreover, Chubb Insurance's contacts with Wisconsin must be such that Chubb Insurance can reasonably anticipate being haled into court in Wisconsin. *See World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Chubb Insurance maintains that it did not purposefully avail itself of the privilege of conducting business in Wisconsin because Chubb Insurance does not conduct business, nor does it attempt to conduct business, in Wisconsin. Moreover, Chubb Insurance maintains that it does not issue insurance policies to companies organized under the laws of Wisconsin. Additionally, Chubb Insurance points out that it is not licensed to engage in the insurance business anywhere in the United States, and it does not have offices in any U.S. state, including Wisconsin.[5]

Chubb Insurance does, however, have contact with Wisconsin due to the fact that one of the corporations that Chubb insures, Loewen, does business in Wisconsin. Murray argues that this connection results in the minimum contact necessary to meet the requirements of due process. Moreover, Murray argues that Wisconsin citizens who are injured in Wisconsin have an interest in being protected by Wisconsin laws. *See World Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. 559. The court agrees with Murray that Chubb Insurance has the required minimum contacts with Wisconsin and that Murray has a strong interest in obtaining protection from Wisconsin's laws.

 In addition to satisfying the minimum contacts standard, exercising jurisdiction over Chubb Insurance must be consistent with traditional notions of fair play and substantial justice. *See id.* at 292, 100 S.Ct. 559. Under Wisconsin law, the court must look to the following factors

---

5. Chubb Insurance relies on *Marsh v. Farm Bureau Mut. Ins. Co.,* 179 Wis.2d 42, 505 N.W.2d 162 (Wis.App.1993), for the proposition that when a foreign insurer provides insurance to a non-resident who is sued in Wisconsin, the foreign insurer lacks the mini-mum contacts with Wisconsin necessary to support personal jurisdiction. *Marsh* is distinguishable from the present case, however, because in *Marsh,* the insured was suing the insurer. Moreover, in *Marsh* neither party to the action was a Wisconsin citizen.

to determine if the exercise of personal jurisdiction comports with fair play and substantial justice:

> 1) the burden on the defendant, 2) the interests of the forum state in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy, and 5) the shared interest of the several states in furthering fundamental social policies.

*Marsh,* 505 N.W.2d at 167. In the case at hand, the first factor weighs against exercising personal jurisdiction over Chubb Insurance because it is burdensome for Chubb Insurance, a Canadian corporation, to defend an action in Wisconsin.

All four remaining factors, however, weigh in favor of exercising personal jurisdiction over Chubb Insurance. Because Murray is a Wisconsin citizen who allegedly suffered injury in Wisconsin, Wisconsin has a strong interest in providing Murray with a forum for his dispute with Chubb Insurance. In addition, Murray argues that Wisconsin is probably the only forum in the United States in which Murray can bring this action. Chubb Insurance does not respond to this argument. If Wisconsin is the only U.S. forum in which Murray can bring this action, then Murray has a strong interest in litigating in Wisconsin in order to obtain convenient and effective relief. If there is no other U.S. state that could serve as a forum for this dispute, the interstate judicial system's interest in obtaining the most efficient resolution to this dispute is served by exercising personal jurisdiction over Chubb Insurance. Finally, Wisconsin's substantive social policy of allowing plaintiffs to sue insurers directly

is furthered by exercising jurisdiction over Chubb Insurance.

The court finds that Chubb Insurance has the requisite minimum contacts with Wisconsin to support the court exercising personal jurisdiction over Chubb Insurance. The court also finds that exercising personal jurisdiction over Chubb Insurance comports with traditional notions of fair play and substantial justice.

### III. *Chubb Insurance's Motion to Dismiss for Failure to State a Claim*

 Chubb Insurance moves the court to dismiss Murray's claims against it because Murray is unable to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6).[6] Chubb Insurance maintains that Murray cannot state a claim against it because Chubb Insurance's alleged liability is based on Wisconsin's direct action statute, and Chubb Insurance contends that it does not insure Loewen against claims brought by individuals who are, or once were, officers or directors of Loewen. Although the direct action statute provides a possible means for Murray to sue Chubb Insurance, the direct action statute:

> does not enlarge the coverage afforded by such policy or determine the insurer's liability thereunder. The third party can only recover from the insurer by virtue of the contract existing between it and its insured....

*Nichols v. United States Fid. & Guar. Co.,* 13 Wis.2d 491, 499, 109 N.W.2d 131, 136 (1961). In the present case, Chubb Insurance argues that although Chubb Insurance did provide insurance coverage to Loewen, the insurance policy contains an exclusion which limits Loewen's coverage

---

6. Chubb Insurance called its motion a "motion to dismiss, or in the alternative for summary judgment." Chubb Insurance asks the court to consider its motion as a motion for summary judgment only if the court decides it cannot consider the insurance policy between Chubb Insurance and Loewen on a motion to dismiss. Because Murray referred to the insurance policy in the complaint, and the insurance policy is central to Murray's claims against Chubb Insurance, the court may prop-

erly consider the insurance policy on the motion to dismiss. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir.1993). Chubb Insurance submitted a copy of the insurance policy along with its September 11, 2000 brief in support of its motion to dismiss. The court will consider the insurance policy as part of the motion to dismiss. The court will deny as moot Chubb Insurance's motion for summary judgment.

under the policy: Chubb Insurance does not cover Loewen for any amount that Loewen becomes legally obligated to pay as a result of a wrongful act perpetrated by Loewen when the individual alleging the wrongful act is a past, present, or future director or officer of Loewen or any of its subsidiaries. (See Defs.' Sep. 11, 2000 Br., Ex. A at 5(c).) [7] This exclusion is called an "insured v. insured" exclusion. In essence, the "insured v. insured" exclusion states that Chubb Insurance will not provide insurance coverage to Loewen when Loewen is being sued by one of its officers or directors. Chubb Insurance argues that because Murray alleges that he was once the president as well as a member of the board of directors of Community, a subsidiary of Loewen, Chubb Insurance does not provide liability coverage to Loewen for any of the wrongful acts Murray has alleged in this action. Consequently, Chubb Insurance argues that Murray cannot state a cause of action against it because Murray cannot sue Chubb Insurance under Wisconsin's direct action statute if Chubb Insurance does not provide liability coverage to Loewen for this action.

■ Murray argues that the court should void the "insured v. insured" provision of the insurance contract between Chubb Insurance and Loewen and hold that the "insured v. insured" provision is unenforceable as it pertains to Murray. Murray maintains that he never had the opportunity to negotiate or even read the insurance contract prior to entering into a business arrangement with Loewen, and that the "insured v. insured" exclusion is an unreasonable and oppressive contract term, given the circumstances of this case.

"Insured v. insured" exclusions are standard in director and officer insurance policies. *See Level 3 Communications, Inc. v. Federal Ins. Co.*, 168 F.3d 956, 958 (7th Cir.1999). Whether Murray had the opportunity to read the insurance contract or negotiate regarding its terms has little bearing on Chubb Insurance's motion to dismiss for failure to state a claim. This is because the insurance policy was entered into by Chubb Insurance and Loewen, not Chubb Insurance and Murray. Murray's dispute regarding his lack of opportunity to view the insurance contract is therefore between Loewen and Murray. The dispute has no bearing on whether Chubb Insurance provides insurance coverage to Loewen in the event Loewen is sued by a past, present, or current director or officer of Loewen or one of its subsidiaries.

■ Murray also argues that the "insured v. insured" provision should not apply to him because Murray was not yet an officer or director of a subsidiary of Loewen when Loewen's tortious conduct occurred. Loewen's insurance policy with Chubb Insurance, however, specifies that Chubb Insurance will not cover Loewen for any loss that results from a lawsuit *brought* by a past, present, or future officer or director of Loewen or one of its subsidiaries. When Murray *brought* this action against Loewen, Murray was a current or former director of Loewen.[8] Murray does not respond to this argument.

**7.** The Insurance Policy States: "The Company [Chubb Insurance] shall not be liable for **Loss** on account of any **Claim** made against any **Insured Person** ... brought or maintained by or on behalf of any **Insured** ...." (Policy at 5(c).) The Policy defines **Insured Person**, in part, as "[a]ny person who has been, now is, or shall become a duly elected director or a duly elected or appointed officer of the Insured Organization." (Policy at Item 6.) The **Insured Organization** is defined as "[t]he Loewen Group Inc. and its subsidiaries." (Policy at Item 5.) **Insured Person** is also defined as Loewen itself. (Policy at Endorsement 13 at 2.) Chubb Insurance pro-

vides insurance to both Loewen and officers and directors of Loewen and its subsidiaries. The "insured v. insured" exclusion provides that in an action between Loewen and one of its officers or directors, Loewen will not provide insurance coverage to Loewen.

**8.** It is unclear to the court whether Murray was still an officer or director of Community when he brought this suit. It is clear to the court that Murray alleges that when he commenced the action, he had at one time been an officer and director of Community. (Compl.¶ 45.)

**1118**

The court finds that Chubb Insurance does not provide liability coverage for Loewen for lawsuits involving past, present, and future officers of Loewen. Because Chubb Insurance does not insure Loewen for suits brought by current or former officers of Loewen, Murray cannot bring suit against Chubb Insurance under Wisconsin's direct action statute. Murray's claims against Chubb Insurance will therefore be dismissed for failure to state a claim upon which relief can be granted.

### CONCLUSION

Defendant The Chubb Corporation's motion for summary judgment on the ground that Chubb Corporation is not an insurance company is **GRANTED.**

Defendant The Chubb Corporation's motion to dismiss based on a lack of personal jurisdiction is **DENIED AS MOOT.**

Defendant Chubb Insurance Corporation of Canada's motion to dismiss for lack of personal jurisdiction is **DENIED.**

Defendant Chubb Insurance Corporation of Canada's motion to dismiss for failure to state a claim is **GRANTED.**

Defendant Chubb Insurance Corporation of Canada's motion for summary judgment is **DENIED AS MOOT.**

All claims against defendant the Chubb Corporation and defendant Chubb Insurance Corporation of Canada are **DISMISSED.**

Defendants Chubb Corporation and Chubb Insurance Corporation of Canada shall be deleted from the caption of all future documents in this action.