COGGER and another, by Guardian *ad litem,* Plaintiffs and Respondents, v. TRUDELL and others, Defendants and Appellants: SALERNO, Impleaded Defendant.

*May 9—June 6, 1967.*

352

For the appellants there were briefs by *Helm, Myers, Gillett & Christensen* of Racine, and oral argument by *Einer Christensen.*

For the respondents there was a brief by *Phillips & Richards* and *Richard B. Antaramian,* guardian *ad litem,* all of Kenosha, and oral argument by *Mr. Charles Richards* and *Mr. Antaramian.*

HANLEY, J. The sole issue on this appeal is whether the plaintiffs, the surviving children, have a cause of action for the wrongful death of their mother when the decedent is survived by her spouse.

A cause of action for wrongful death is purely statutory, being derived from sec. 895.03, Stats. (formerly sec. 331.03, Stats. 1959) and sec. 895.04 (formerly sec. 331.04, Stats. 1959).

At common law no such right existed. *Milwaukee v. Boynton Cab Co.* (1930), 201 Wis. 581, 229 N. W. 28, 231 N. W. 597; *Krause v. Home Mut. Ins. Co.* (1961), 14 Wis. (2d) 666, 112 N. W. (2d) 134.

The injustices and hardships resulting from the common-law principles in wrongful-death cases caused the legislature to create statutory remedies and liability. The remedy is also statutory in nature. *Cincoski v. Rogers* (1958), 4 Wis. (2d) 423, 90 N. W. (2d) 784.

The plaintiffs' rights depend upon the construction of secs. 895.03 and 895.04 (1) and (2), Stats.

Sec. 895.03, Stats., reads as follows:

"895.03 **Recovery for death by wrongful act.** Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, that such action shall be brought for a death caused in this state."

Sec. 895.04 (1) and (2), Stats., reads as follows:

"895.04 **Plaintiff in wrongful death action; damages limited.** (1) An action for wrongful death may be

brought by the personal representative of the deceased person or by the person to whom the amount recovered belongs.

"(2) If the deceased leaves surviving a spouse, and minor children under 18 years of age with whose support he was legally charged, the court before whom the action is pending, or if no action is pending, any court of record, in recognition of the duty and responsibility of a parent to support his minor children, shall determine the amount, if any, to be set aside for the protection of such children after considering the age of such children, the amount involved, the capacity and integrity of the surviving spouse, and any other facts or information it may have or receive, and such amount may be impressed by creation of an appropriate lien in favor of such children or otherwise protected as circumstances may warrant, but such amount shall not be in excess of 50% of the net amount received after deduction of costs of collection. If there are no such surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 237.01; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death. A surviving nonresident alien wife and minor children shall be entitled to the benefits of this section. In cases subject to s. 102.29 this subsection shall apply only to the surviving spouse's interest in the amount recovered. If the amount allocated to any child under this subsection is less than $1,500, s. 269.80 may be applied. Every settlement in wrongful death cases in which the deceased leaves minor children under 18 years of age shall be void unless approved by a court of record authorized to act hereunder."

In determining who is the proper plaintiff (in the instant case the personal representative of the deceased is not a party plaintiff), the courts and parties are bound by sec. 895.04 (2), Stats.

Prior to an amendment in 1961, sec. 331.04 (2), Stats. (now renumbered sec. 895.04 (2)) read:

"(2) The amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to

the deceased's lineal heirs as determined by section 237.01; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death. A surviving nonresident alien wife and minor children shall be entitled to the benefits of this section."

That language, prior to the 1961 amendment, was frequently construed by this court. It is clear from the authorities [1] that prior to the 1961 amendment the statute created a series of priorities with regard to the ownership of a cause of action for wrongful death. The surviving spouse was the first in the line of priorities. Surviving children had no cause of action as long as the surviving spouse of decedent remained alive.

In *Cincoski v. Rogers, supra,* at page 425, this court said:

". . . The statutes designate the beneficiaries and also designate preferences according to the relationship to the deceased. The beneficiaries and their preferred status are as follows: First, the spouse; second, a child or children; third, the parents. Thus the nonexistence of the preferred beneficiary or beneficiaries is essential to a right of action by or in behalf of other beneficiaries. The action must be brought by or for the wrongful death in the order of preference fixed by the statute."

Similarly, in *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. (2d) 491, 497, 109 N. W. (2d) 131, this court stated:

". . . A nonsurviving cause of action for wrongful death under sec. 331.04, Stats., is granted by statute and is vested in the beneficiaries designated therein and in accordance with the contingencies named. *Arendt v.*

---

[1] *Lasecki v. Kabara* (1940), 235 Wis. 645, 294 N. W. 33; *Eleason v. Western Casualty & Surety Co.* (1948), 254 Wis. 134, 35 N. W. (2d) 301; *Herro v. Steidl* (1949), 255 Wis. 65, 37 N. W. (2d) 874; *Arendt v. Kratz* (1951), 258 Wis. 437, 46 N. W. (2d) 219; and *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. (2d) 491, 109 N. W. (2d) 131.

*Kratz* (1951), 258 Wis. 437, 46 N. W. (2d) 219. Each class of beneficiaries has a new and independent right to sue for its own pecuniary loss if no prior beneficiary exists. *Herro v. Steidl* (1949), 255 Wis. 65, 37 N. W. (2d) 874."

The real question to be determined is whether or not the 1961 amendment changed the preferences construed by this court to exist in the statute before its amendment.

Plaintiffs, in support of their position, cite as authority sec. 895.04 (2), Stats., which reads in part as follows:

". . . If there are no such surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; . . ."

Plaintiffs couple the above language with that portion of the prior sec. 331.04 (2), Stats. 1959, which reads:

". . . The amount recovered shall belong and be paid to the spouse of the deceased; . . ."

and contend that the priorities set out in sec. 331.04 (2), Stats. 1959, have been abrogated.

It is plaintiffs' position that by virtue of the 1961 amendment both the surviving spouse and the surviving children are of the first priority. On the contrary, we are of the opinion that no change was intended insofar as the priorities with regard to ownership of a cause of action for wrongful death are concerned. The change in the wording of sec. 895.04 (2), Stats., was for the express purpose of affording protection for the minor children of the decedent who are under the age of eighteen years (and it is for the court to determine if any protection is needed). But the purpose was neither expressly nor impliedly one of creating a cause of action in the surviving children when the deceased is also survived by his or her spouse.

The general plan of the statute was not changed. It was only amended to allow the courts to deal with the

proceeds which would otherwise go to the surviving spouse in such a way as to protect the dependent children.

We believe that if the legislature had intended to create a cause of action in the surviving children in situations where previously none had existed, it would have done so in a more direct and clear manner.

Sec. 895.04 (2), Stats., still provides that ". . . if no spouse survives, to the deceased's lineal heirs as determined by s. 237.01; . . ."

In sec. 237.01, Stats., children are included as being of first priority in the chain of lineal heirs.

If the legislature had intended to change the order of priorities, it would have made some reference to the fact that children were no longer of first priority coming after the spouse, but, were, in fact, on a priority level with said spouse.

Defendants correctly point out that plaintiffs' interpretation of sec. 895.04 (2), Stats., would lead to a great deal of confusion and that it should not be presumed that the legislature, if it had meant to change the order of priorities, would not have prescribed a procedure which would insure consistent and harmonious results. Defendants cite an example which clearly exposes the confusion which would result in the event this court held that both the surviving spouse and the surviving children had an independent cause of action of the first priority.

It is clear from the statutory language that it is the court and not the jury which is to decide the manner and extent to which the children are to be protected.

It is also equally clear that the court's powers of intervention are limited to the extent of 50 percent of the total amount of recovery and are further limited by the statutory considerations to be taken into account by the trial court.

Assume a situation where the negligence of the surviving spouse, operator of one of the two automobiles in-

volved, contributed to the death of his wife. Under secs. 895.04 (7) and 895.045, Stats., the recovery of the surviving spouse would be reduced or possibly defeated because of his negligence. However, plaintiffs argue that the surviving children have an independent cause of action.

If the surviving spouse's claim were defeated by reason of his negligence, any award to the children at all would violate sec. 895.04 (2), Stats., which limits the amount which the court may set aside to the children to 50 percent of the amount recovered.

Also, there would be a violation of secs. 895.04 (7) and 895.045, Stats., should the court award the surviving spouse any part of the amount recovered on the children's cause of action so as to create an amount received from which the court might work its protection, if any needed, for the children.

It is contrary to the express statutory language for plaintiffs to argue that not only do they have an independent cause of action but also that any recovery belongs wholly to the children without a need for setting aside an amount not to exceed 50 percent of the net amount received for their support.

A careful reading of the entire section makes it clear that the trial court in an attempt to protect the children must work from the amount recovered by the spouse who is charged with the support of the minor children.

Plaintiffs cite *Goller v. White* (1963), 20 Wis. (2d) 402, 122 N. W. (2d) 193, and contend that the doctrine of parental immunity no longer applies, and therefore the plaintiff minor children may maintain an action for the wrongful death of their mother against her spouse, Joseph R. Trudell. It is true the parental-immunity doctrine has been abolished and that both children, Cogger and Trudell, would have a cause of action against their father if their father caused an injury to them by his

own negligence. However, *Goller v. White, supra,* did not create a new cause of action under the wrongful-death statute.

Plaintiffs further contend that the dependent minor, illegitimate child may maintain a cause of action in wrongful death for the death of his mother. This is correct if he is the preferred beneficiary under the statute. In the instant case he is not of the first priority because his mother's spouse, Joseph R. Trudell, remains alive.

Defendants concede, and we believe correctly so, that the illegitimate child is afforded the same protections under the law as the decedent's natural child. But it would not be sound to hold that the illegitimate child because of his illegitimacy could bring a cause of action in wrongful death when the natural child would have no such right.

Plaintiffs raise some issues with regard to the constitutionality of the wrongful-death statute in its application.

In the case of *Cameron v. Union Automobile Ins. Co.* (1933), 210 Wis. 659, 246 N. W. 420, 247 N. W. 453, an attack was made on the statute then in existence on the theory that it violated the Fourteenth amendment to the constitution of the United States. The court in that case, while not considering the precise question here raised, did declare the act to be constitutionally valid.

Plaintiffs contend that to adopt defendants' view of the construction of sec. 895.04, Stats., would render the same unconstitutional as being in violation of sec. 9, art. I, Wisconsin constitution, which guarantees to every person ". . . a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; . . ."

The death of another person does not constitute an injury to the person, property, or character of survivors. Such was the holding in the case of *Baker v. Bolton,*

1 Campbell 493, 170 Eng. Rep. Full Reprint 1033. The *Baker Case, supra,* constituted the basis upon which the common-law rule evolved.

Thus the constitutional provision relied upon by plaintiffs never intended to protect the type of claim here made. The cause of action did not exist at the time of the adoption of the Wisconsin constitution and came into being only when the legislature passed the first of a series of "wrongful-death" acts leading down to our present statute. It is for precisely this reason that the court has consistently held that the cause of action is solely dependent upon statute for its existence.

Plaintiffs also question the statutes' constitutionality as regards sec. 1, art. XIV, United States constitution, the "equal protection clause." We find no merit to this contention.

We conclude that the plaintiffs do not have a cause of action under the wrongful-death statutes, secs. 895.03 and 895.04, Stats., and that the defendants are entitled to summary judgment dismissing the plaintiffs' action.

*By the Court.*—Order reversed.