Kathryn A. STEINBARTH and Kurt D. Steinbarth, Plaintiffs-Appellants and Cross-Respondents-Petitioners,†

v.

Bernard J. JOHANNES and Classified Insurance Corp., Defendants-Respondents and Cross-Appellants.

Supreme Court

*No. 85–2202. Argued March 29, 1988.—Decided May 25, 1988.*

(Also reported in 423 N.W.2d 540.)

† Motion for reconsideration denied with costs on July 19, 1988.

For the plaintiffs-appellants and cross-respondents-petitioners there were briefs (in court of appeals) by *Douglas J. Ondrasek* and *Edgarton, Ondrasek, Hobbs, Petak & Massey,* Fond du Lac and oral argument by *Douglas J. Ondrasek.*

For the defendants-respondents and cross appellants there was a brief (in court of appeals) by *Charles W. Averbeck* and *Hauer, Averbeck & Hammer Law Offices, S.C.,* Fond du Lac and oral argument by *Charles W. Averbeck.*

WILLIAM A. BABLITCH, J. Petitioners Kathryn A. and Kurt D. Steinbarth, the adult children of Patricia Johannes, seek review of a decision of the court of appeals which affirmed the dismissal of their wrongful death claim against their stepfather, Bernard Johannes, for the alleged intentional killing of their mother.

The court of appeals concluded that the wrongful death statute does not allow adult children a cause of action for wrongful death of a parent when there is a surviving spouse, even though the surviving spouse intentionally killed the deceased parent. We conclude that a spouse who feloniously and intentionally kills his or her spouse is not a surviving spouse for purposes of the wrongful death statute, but instead is treated as though having predeceased the decedent. Therefore, the cause of action for wrongful death accrues to the deceased's lineal heirs. Accordingly, we reverse.

For purposes of this appeal, we accept the allegations stated in the complaint as true. On October 25, 1984, Bernard Johannes shot his wife, Patricia Johannes, twice with a handgun. Patricia Johannes subsequently died from the gunshot wounds. Bernard Johannes (Johannes) was criminally charged with his wife's death.

Kathryn and Kurt Steinbarth (the Steinbarths), the decedent's adult natural children from a prior marriage, commenced a wrongful death action pursu-

ant to sec. 895.04(2), Stats., cited in full below,[1] against their stepfather alleging that he negligently or intentionally killed their mother. The Steinbarths sought compensatory and pecuniary damages from Johannes and his homeowner's insurer under sec. 895.04(4), as well as costs for funeral expenses under sec. 895.04(5).

Johannes moved for dismissal of the complaint on the grounds that it failed to state a claim for relief. He argued that the Steinbarths lacked standing to bring a wrongful death action because the statute precluded suit by the decedent's adult children where the

---

[1]"895.04 Plaintiff in wrongful death action. . . . .

"(2) If the deceased leaves surviving a spouse, and minor children under 18 years of age with whose support the deceased was legally charged, the court before whom the action is pending, or if no action is pending, any court of record, in recognition of the duty and responsibility of a parent to support minor children, shall determine the amount, if any, to be set aside for the protection of such children after considering the age of such children, the amount involved, the capacity and integrity of the surviving spouse, and any other facts of information it may have or receive, and such amount may be impressed by creation of an appropriate lien in favor of such children or otherwise protected as circumstances may warrant, but such amount shall not be in excess of 50% of the net amount received after deduction of costs of collection. If there are no such surviving minor children, the amount recovered shall belong and be paid to the spouse of the deceased; if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01; if no lineal heirs survive, to the deceased's brothers and sisters. If any such relative dies before judgment in the action, the relative next in order shall be entitled to recover for the wrongful death. A surviving nonresident alien spouse and minor children shall be entitled to the benefits of this section. In cases subject to s. 102.29 this subsection shall apply only to the surviving spouse's interest in the amount recovered. If the amount allocated to any child under this subsection is less than $1500, s. 807.10 may be applied. Every settlement in wrongful death cases in which the deceased leaves minor children under 18 years of age shall be void unless approved by a court of record authorized to act hereunder."

decedent has a surviving spouse. The circuit court for Fond du Lac county, Judge John W. Mickiewicz, agreed that the Steinbarths were barred from bringing suit under the statute and dismissed their complaint. The court also denied Johannes' motion to assess attorney's fees against the Steinbarths for filing a frivolous claim.

The Steinbarths appealed the dismissal of their action to the court of appeals. Johannes cross-appealed the denial of his motion for attorney's fees. The court of appeals certified the case to this court and the certification request was denied. The court of appeals then rendered a decision, concluding that sec. 895.04, Stats., precludes adult children from maintaining a wrongful death action when there is a surviving spouse. The court also rejected the Steinbarths' claim for reimbursement of funeral expenses under sec. 895.04(4) and (5), and affirmed the circuit court's denial of attorney's fees to Johannes.

The Steinbarths petitioned this court for review of the court of appeals' decision and the petition was granted on September 15, 1987. While the Steinbarths now concede that the court of appeals properly dismissed their first cause of action based on negligence, they renew their challenge of the dismissal of their second wrongful death claim against Johannes for the alleged intentional killing of their mother. Johannes does not appeal the denial of his motion for attorney's fees.

■

An action for wrongful death is purely statutory; no right of recovery existed at common law. *Weiss v. Regent Properties, Ltd.,* 118 Wis. 2d 225, 230, 346 N.W.2d 766 (1984). Thus, the right to bring such an action and recover damages is strictly limited to those

163

parties designated by the legislature under sec. 895.04, Stats. *Id.*

Section 895.04(1), Stats., defines the eligible plaintiffs in a wrongful death action as the personal representative of the deceased or "the person to whom the amount recovered belongs." This second category of plaintiffs is further defined in sec. 895.04(2), which establishes a hierarchy of beneficiaries who are entitled to recover. The subsection provides in pertinent part, that "if no spouse survives, [the amount recovered shall belong and be paid] to the deceased's lineal heirs as determined by s. 852.01. ...." The controversy in the present case centers on the correct interpretation of this statutory language.

Johannes submits that the language of sec. 895.04(2), Stats,. clearly bars the Steinbarths from bringing a wrongful death claim because under the statute the cause of action does not accrue to the adult children of the deceased, the lineal heirs, when there is a surviving spouse. In support of this position, he relies on the decision of *Cogger v. Trudell,* 35 Wis. 2d 350, 151 N.W.2d 146 (1967), in which this court held that the minor children of the deceased could not maintain a wrongful death action against the surviving spouse who negligently killed the deceased.

However, the Steinbarths maintain that the statute must be interpreted in conjunction with sec. 852.01, Stats. 1985–86, the rules for intestate succession, referred to in 895.04(2). In particular, sec. 852.01(2m), cited below,[2] provides that a beneficiary

---

[2]"852.01 **Basic rules for intestate succession.**

" . . . .

"(2m) REQUIREMENT THAT HEIR NOT HAVE INTENTIONALLY KILLED THE DECEASED. (a) If any person who would otherwise be an heir under sub. (1) has feloniously and

may not inherit from the deceased if he or she has intentionally killed the deceased. The Steinbarths assert that this provision is incorporated by reference in the wrongful death statute and therefore requires that a surviving spouse, who has intentionally killed his or her spouse, be treated as having predeceased the decedent with the wrongful death action accruing to the next preferred beneficiary.

The central issue before us is whether the legislature intended to include a person who feloniously and intentionally kills his or her spouse as a surviving spouse within the meaning of the language of sec. 895.04(2), Stats., "if no spouse survives, to the deceased's lineal heirs as determined by s. 852.01. ..." A court will not ordinarily engage in statutory interpretation unless a statute is ambiguous. A statute may be ambiguous and require judicial construction if the literal application of the language would lead to an absurd result. *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). In light of the pervasive legislative policy of prohibiting a killer from benefiting from his or her criminal act, we conclude that to include a person who feloniously and intentionally kills his or her spouse as a surviving spouse within the meaning of the wrongful death act would lead to an absurd result by shielding the killer from civil liability.

intentionally killed the decedent, the net estate not disposed of by. will passes as if the killer had predeceased the decedent.

"(b) A final judgment of conviction of felonious and intentional killing is conclusive for purposes of this subsection. In the absence of such a conviction, the court, on the basis of clear and convincing evidence, may determine whether the killing was felonious and intentional for purposes of this subsection."

Although the language of the wrongful death statute does not expressly define who is a surviving spouse for purposes of bringing a claim under the act, the statute does refer to sec. 852.01, Stats., to determine a deceased's lineal heirs. Section 852.01(1)(a) lists the surviving spouse as the first heir in the line of succession. However, as the Steinbarths correctly note, sec. 852.01(2m) expressly provides that an heir who feloniously and intentionally kills the decedent is treated "as if the killer had predeceased the decedent," with the net estate passing to the next heir. If the language of sec. 852.01(2m) is not incorporated into the wrongful death statute when determining who is a surviving spouse, then a surviving spouse who feloniously and intentionally kills his or her spouse would retain the cause of action for wrongful death and prevent the cause of action from passing to other beneficiaries.

This result would contravene the strong and pervasive legislative policy of prohibiting a killer from benefiting from his or her criminal act. The Wisconsin legislature has enacted several statutes which deny an individual's status as a preferred beneficiary where the individual has intentionally killed the deceased. For example, a beneficiary under a will who "feloniously and intentionally" kills the decedent is treated as if he or she predeceased the decedent and is, thereby, precluded from inheriting under the decedent's will. *See* sec. 853.11(3m), Stats. Similarly, a beneficiary under a life insurance policy who "feloniously and intentionally" kills the insured is treated by statute as having predeceased the insured so that the killer may not benefit from his or her crime. *See* sec. 632.485.

166

Other statutes implementing a similar policy of prohibiting a killer from benefiting from the crime, include: sec. 895.43, Stats., which treats a beneficiary under a contract who "feloniously and intentionally" kills the principal obligee as having predeceased the decedent; sec. 895.435, which treats a beneficiary who "feloniously and intentionally" kills an individual as having predeceased the decedent thereby precluding him or her from receiving any benefit payable by reason of the individual's death; and sec. 700.17(2)(b) which denies a joint tenant, who "feloniously and intentionally" kills another joint tenant of the same property, a survivorship interest in the property.

Like these statutes, sec. 852.01(2m), Stats., also incorporates the legislative policy that intentional killers should not be rewarded for their criminal acts. To construe sec. 895.04(2) differently would effectively grant the surviving spouse, who "intentionally and feloniously" kills his or her spouse, the benefit of immunity from civil liability and would violate the policy of the statutes. Specifically, under the language of sec. 895.04(2) the cause of action for wrongful death would remain with the surviving spouse, even though the spouse has survived the decedent through the commission of a felonious and intentional criminal act, and preclude other beneficiaries from seeking recovery against the surviving spouse for the loss of their relational interest with the decedent.

■
The legislature could not have intended this anomalous result. Thus, we conclude that sec. 895.04(2), Stats., must be construed in conjunction with sec. 852.01(2m) to prohibit the surviving spouse from benefiting from the intentional killing of his or her spouse. For purposes of bringing a claim under the

wrongful death statute, we hold that a spouse who "feloniously and intentionally" kills his or her spouse is not a surviving spouse for purposes of sec. 895.04(2), and is treated as having predeceased the decedent so that the cause of action may accrue to the next designated beneficiary.

We further note that our interpretation of sec. 895.04(2), Stats., is not inconsistent with our prior interpretation of the wrongful death statute in *Cogger*, 35 Wis. 2d 350. *Cogger* involved a wrongful death action brought on behalf of the decedent's minor children against the decedent's surviving spouse and others for the defendants' negligence in a automobile collision which resulted in the death of the children's mother. In denying the children's cause of action, we held that a 1961 amendment to the wrongful death statute did not alter the statutory hierarchy of beneficiaries and ownership of a cause of action for wrongful death established under 895.04(2). Thus, because the decedent was survived by her spouse, the surviving children had no cause of action. *Cogger*, 35 Wis. 2d at 355.

*Cogger* is distinguishable from the instant case in two respects. First, the wrongful death action in *Cogger* was brought on behalf of the minor children of the deceased and involved the interpretation of statutory language specific to the rights of minor children. Second, and more important, the cause of action for wrongful death was based on a negligence theory. There is no basis under the wrongful death statute or otherwise to bar a surviving spouse, who unintentionally but negligently causes his or her spouse's death, from seeking recovery for the loss of that spouse from a more negligent tortfeasor.

■ In sharp contrast, however, is the situation where the surviving spouse intentionally kills his or her spouse. In this situation, the surviving spouse cannot under any conceivable circumstance seek recovery under the wrongful death statute for the loss of the decedent. Thus, to interpret the statute to provide that the cause of action still belongs to the surviving spouse shields the surviving spouse from civil liability for the crime, by precluding other beneficiaries from seeking compensation from the surviving spouse for the loss of their relational interest with the decedent, thus benefiting the surviving spouse in a manner the legislature could never have intended. Unlike the outcome in *Cogger*, this result would be contrary to the legislative policy expressed throughout the statutes. Moreover, such a result thwarts the very design of the wrongful death statute, which is "to compensate for the loss of the relational interest existing between the beneficiaries and the decedent." *See Weiss*, 118 Wis. 2d at 230.

Given these significant differences between a wrongful death action against a surviving spouse who negligently versus intentionally kills his or her spouse, there is no conflict between our past and present interpretation of the wrongful death statute.

■ Applying sec. 895.04(2), Stats., of the wrongful death statute to the present case, we hold that if it is established that Johannes intentionally and feloniously[3] killed his spouse, then Johannes is treated under

---

[3]The legislature has recently amended the language to sec. 852.01(2m)(b), Stats., to provide that a final judgment of conviction

the statute as if he predeceased his wife and the cause of action for wrongful death accrues to the Steinbarths, the lineal heirs of the decedent. Furthermore, as eligible plaintiffs, the Steinbarths are entitled to seek recovery under sec. 895.04(5) for any funeral expenses they incurred for their mother's death. Accordingly, the decision of the court of appeals is reversed and the cause remanded to the circuit court with directions to proceed with the Steinbarths' wrongful death claim.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded for proceedings consistent with this opinion.

---

of "*unlawful* and intentional killing is conclusive for purposes of this subsection." 1987 Wisconsin Act 222.