Lisa M. Bowen, individually, and as trustee for the estate of Sara J. Lange and Daniel Lange, Plaintiffs-Appellants-Cross-Respondents,

v.

American Family Insurance Company, Defendant-Respondent-Cross-Appellant.

Court of Appeals

*No. 2011AP185. Submitted on briefs January 31, 2012. —Decided February 14, 2012.*

2012 WI App 29

(Also reported in 811 N.W.2d 887.)

On behalf of the plaintiffs-appellants-cross-respondents, the cause was submitted on the briefs of *Jason W. Whitley* of *Novitzke, Gust, Sempf, Whitley & Bergmanis*, Amery.

On behalf of the defendant-respondent-cross-appellant, the cause was submitted on the brief of *Terrence M. Gherty* of *Gherty & Gherty, S.C.*, Hudson.

Before Hoover, P.J., Peterson and Mangerson, JJ.

¶ 1. PETERSON, J. Lisa Bowen and Daniel Lange (collectively, Bowen) appeal a judgment dismissing their wrongful death claims following the death of their mother, Sara Lange, in a car accident. Sara was a passenger in a car driven by her husband, Thomas Lange, and insured by American Family Insurance

Company.[1] Bowen argues that, because Thomas disclaimed his right to recover for Sara's wrongful death pursuant to WIS. STAT. § 854.13,[2] the right to recover passed to Bowen as Sara's next lineal heir. However, we conclude that a surviving spouse cannot disclaim a wrongful death claim under § 854.13 so as to pass ownership of that claim to the deceased's lineal heirs. We also reject Bowen's argument that the deceased's adult children may recover loss of society and companionship damages even if the wrongful death recovery belongs to the surviving spouse. We therefore affirm on the appeal.

¶ 2. American Family cross-appeals, arguing the circuit court erred by failing to dismiss a wrongful death claim brought by Bowen as trustee for the Estate of Sara Lange. American Family acknowledges that the Estate may bring a survival action for Sara's pain and suffering, but it argues the Estate is barred from bringing a wrongful death claim. Bowen, however, concedes that the Estate is not making any claim for wrongful death. The issue of the Estate's wrongful death claim is therefore a nullity, and we need not address it. Accordingly, we dismiss American Family's cross-appeal.

## BACKGROUND

¶ 3. Bowen's complaint alleged that she was the adult child of Sara Lange. On or about October 26, 2007, Sara was a passenger in a vehicle insured by American Family and operated by her husband,

---

[1] For clarity, we refer to Thomas and Sara Lange by their first names throughout this opinion.

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

Thomas. The Lange vehicle collided with another vehicle, and, as a result, Sara was trapped inside the vehicle. Sara subsequently died from the injuries she sustained in the collision.

¶ 4. Bowen asserted a wrongful death claim against American Family for Sara's death. She acknowledged that, under Wisconsin's wrongful death statute, subject to certain protections for the deceased's minor children, a wrongful death claim belongs to the deceased's surviving spouse.[3] *See* Wis. Stat. § 895.04(2). Ownership of the claim only passes to the deceased's next lineal heirs—that is, the deceased's adult children—if there is no surviving spouse. *Id.* However, Bowen contended that, in the Langes' situation, Thomas would be unable to recover for Sara's wrongful death because his contributory negligence was greater than that of the other driver. Bowen therefore asked the court to "extend or modify the existing wrongful death statute to allow for adult children to recover for the loss of their mother when their father cannot recover . . . due to his contributory negligence." As trustee of Sara's estate, Bowen also sought damages for Sara's conscious pain and suffering. *See Day v. Allstate Indem. Co.*, 2011 WI 24, ¶¶ 61–63, 332 Wis. 2d 571, 798 N.W.2d 199 (In a survival action, distinct from a wrongful death action, the estate may recover for the deceased's conscious pain and suffering.).

¶ 5. American Family moved to dismiss the complaint. It argued Bowen could not recover for Sara's wrongful death because, under Wis. Stat. § 895.04(2), the surviving spouse has sole ownership of the wrongful death claim. In response, Bowen contended that

---

[3] Neither party contends that Sara had any minor children at the time of her death.

Thomas had disclaimed his right to bring a wrongful death claim, pursuant to Wɪs. Sᴛᴀᴛ. § 854.13, and he should therefore be treated as if he predeceased Sara. Bowen also argued that, even if the decedent leaves behind a surviving spouse, the decedent's adult children should nevertheless be able to recover damages for loss of society and companionship. Finally, Bowen asserted that, even if the court were to dismiss her wrongful death claim, the Estate would still have a valid survival claim for Sara's conscious pain and suffering. American Family responded that the complaint had not adequately pled a survival claim.

¶ 6. Following a hearing, the circuit court granted American Family's motion to dismiss Bowen's wrongful death claim. However, the court determined the complaint sufficiently alleged facts that, if true, would entitle the Estate to recover for Sara's pain and suffering. The court therefore denied American Family's motion as to the Estate's claim for pain and suffering.

## DISCUSSION

### I. Bowen's appeal

¶ 7. Bowen contends the circuit court erred by granting American Family's motion to dismiss her wrongful death claim. However, in response, Bowen submitted materials outside the pleadings for the circuit court's consideration. If matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss is treated as one for summary judgment and disposed of as provided in Wɪs. Sᴛᴀᴛ. § 802.08. *See* Wɪs. Sᴛᴀᴛ. § 802.06(2)(b). Because Bowen's submissions were not excluded, we review the motion as one for summary judgment.

¶ 8. We independently review a grant of summary judgment, using the same methodology as the circuit court. *Hardy v. Hoefferle*, 2007 WI App 264, ¶ 6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). Here, the facts are undisputed, leaving only issues of law for our review. Specifically, we must determine: (1) whether a surviving spouse may disclaim his or her interest in a wrongful death claim so as to pass ownership of the claim to the deceased's next lineal heir; and (2) whether the wrongful death statute allows a deceased's adult children to recover loss of society and companionship damages when the wrongful death recovery belongs to the surviving spouse.

¶ 9. To answer these questions, we must interpret several statutory provisions. Statutory interpretation presents a question of law that we review independently. *Estate of Lamers v. American Hardware Mut. Ins. Co.*, 2008 WI App 165, ¶ 7, 314 Wis. 2d 731, 761 N.W.2d 38. "The aim of statutory construction is to ascertain the intent of the legislature, and our first resort is to the language of the statute itself." *Id.*, ¶ 8. If the meaning of the words in the statute is plain, we simply apply that language to the facts before us. *Id.*

*A. Surviving spouse's disclaimer of wrongful death claim*

¶ 10. Under Wisconsin's wrongful death statute, a person who causes the death of another by a wrongful

act is liable for damages whenever the injured party could have maintained an action and recovered damages had death not ensued. WIS. STAT. § 895.03. A cause of action for wrongful death is purely statutory; at common law, no such right existed. *Weiss v. Regent Props., Ltd.*, 118 Wis. 2d 225, 230, 346 N.W.2d 766 (1984).

¶ 11. The right to bring a wrongful death action is strictly limited to those parties designated by the legislature under WIS. STAT. § 895.04. *Steinbarth v. Johannes*, 144 Wis. 2d 159, 163–64, 423 N.W.2d 540 (1988). WISCONSIN STAT. § 895.04(1) states that the eligible plaintiffs are the deceased's personal representative or "the person to whom the amount recovered belongs." This second category of plaintiffs is further described in WIS. STAT. § 895.04(2), which establishes a hierarchy of claimants eligible to recover. Subsection 895.04(2) provides that if the deceased does not leave behind minor children, "the amount recovered shall belong and be paid to the spouse or domestic partner." However, if no spouse or domestic partner survives, the amount recovered belongs "to the deceased's lineal heirs as determined by [WIS. STAT. §] 852.01." WIS. STAT. § 895.04(2). Under WIS. STAT. § 852.01(1)(a) and (b), if the deceased's spouse or domestic partner does not survive, the deceased's next lineal heirs are his or her children.

¶ 12. The language of these statutes is clear. When there are no surviving minor children, the wrongful death recovery "shall belong and be paid" to the surviving spouse. WIS. STAT. § 895.04(2). Only if there is no surviving spouse does the recovery belong to the lineal heirs under WIS. STAT. § 852.01—that is, the

239

adult children. WIS. STAT. § 895.04(2). These statutes give the surviving spouse exclusive ownership of the right to recover for the decedent's wrongful death and preclude the adult children from bringing wrongful death claims. *See Cogger v. Trudell*, 35 Wis. 2d 350, 355–57, 151 N.W.2d 146 (1967) (surviving spouse is first in line of priorities, and surviving children have no cause of action as long as surviving spouse remains alive); *Xiong v. Xiong*, 2002 WI App 110, ¶ 13, 255 Wis. 2d 693, 648 N.W.2d 900 (children of a surviving spouse have no claim for the wrongful death of their parent).

¶ 13. Bowen argues that, even if the right of recovery for wrongful death belongs exclusively to the surviving spouse, the surviving spouse can disclaim that right under the probate code. Bowen cites WIS. STAT. § 852.13, entitled "Right to disclaim intestate share," which provides that "[a]ny person to whom property would otherwise pass under [WIS. STAT. §] 852.01 may disclaim all or part of the property as provided under [WIS. STAT. §] 854.13." WISCONSIN STAT. § 854.13(2)(a)2., in turn, states that a person who is a beneficiary under a governing instrument may disclaim property by delivering a written instrument of disclaimer. Bowen argues that, because Thomas disclaimed his right to recover for Sara's wrongful death, he should be treated as having predeceased Sara. *See* WIS. STAT. § 854.13(7)(a) (unless governing instrument provides otherwise, disclaimed property devolves as if disclaimant predeceased decedent). Thus, Bowen contends the right of recovery should pass to Sara's next lineal heirs—her adult children.

¶ 14. We disagree. The probate statutes Bowen cites have no direct bearing on the issue of who owns the right of recovery in a wrongful death action. WISCONSIN STAT. § 852.13 allows disclaimer by a person "to whom

240

property would otherwise pass *under [*Wis. Stat. *§]* *852.01*[.]" (Emphasis added.) The right to recover for Sara's wrongful death did not pass to Thomas under § 852.01—it was conferred upon him by Wis. Stat. § 895.04(2). Thus, § 852.13 does not permit him to disclaim the right of recovery. Moreover, Wis. Stat. § 854.13 discusses disclaimer of property passing to a beneficiary through a governing instrument. Again, Thomas received the right to recover for Sara's death by statute, and a statute does not fall under Wis. Stat. ch. 854's definition of the term "governing instrument." *See* Wis. Stat. § 854.01(2). The disclaimer provisions Bowen cites are therefore inapplicable.

¶ 15. Bowen attempts to draw an analogy between this case and *Steinbarth*. There, Patricia Johannes' adult children brought a wrongful death action against Patricia's husband, Bernard Johannes, alleging that he intentionally shot and killed Patricia. *Steinbarth*, 144 Wis. 2d at 161–62. The circuit court dismissed the children's complaint, concluding that the wrongful death statute precluded a suit by the decedent's adult children when the decedent was survived by a spouse. *Id.* at 162–63. On appeal, our supreme court reversed, holding that "a spouse who feloniously and intentionally kills his or her spouse is not a surviving spouse for purposes of the wrongful death statute, but instead is treated as though having predeceased the decedent." *Id.* at 161. The court reached this result by applying Wis. Stat. § 852.01(2m) (1985–86), which, at that time, provided that an heir who "feloniously and intentionally killed" the decedent was treated as having predeceased the decedent for purposes of intestate succession.[4] *See Steinbarth*, 144 Wis. 2d 164 n.2.

---

[4] Under the current version of the statutes, Wis. Stat. § 852.01(2m) states that the inheritance rights of an heir who

¶ 16. Bowen argues that, because the *Steinbarth* court applied a probate statute to treat a surviving spouse as predeceased for purposes of a wrongful death action, we should similarly apply the disclaimer provisions in WIS. STAT. §§ 852.13 and 854.13 to treat Thomas as having predeceased Sara. However, *Steinbarth* was limited to the narrow fact situation before the court. *Steinbarth*, 144 Wis. 2d at 161. The court determined that, unless it applied WIS. STAT. § 852.01(2m), "a surviving spouse who feloniously and intentionally kill[ed] his or her spouse would retain the cause of action for wrongful death and prevent the cause of action from passing to other beneficiaries." *Steinbarth*, 144 Wis. 2d at 166. In light of "the strong and pervasive legislative policy of prohibiting a killer from benefiting from his or her criminal act[,]" the court concluded the legislature could not have intended this "anomalous result." *Id.* at 166–67. *Steinbarth* therefore represents an attempt to harmonize the wrongful death statute with a clear legislative policy against allowing intentional killers to benefit from their crimes. Accordingly, *Steinbarth*'s reasoning is not applicable in a case, like this one, where the surviving spouse negligently caused the decedent's death.

¶ 17. Furthermore, the *Steinbarth* court explicitly stated that its holding was consistent with the court's prior interpretation of the wrongful death statute in *Cogger*. *See Steinbarth*, 144 Wis. 2d at 168. In *Cogger*, the court held that surviving children could not bring a wrongful death action against the decedent's surviving

"killed the decedent" are governed by WIS. STAT. § 854.14. Section 854.14, in turn, provides that "the unlawful and intentional killing" of the decedent "[r]evokes every statutory right or benefit to which the killer may have been entitled by reason of the decedent's death." WIS. STAT. § 854.14(2)(c).

242

husband and several other defendants for negligently causing their mother's death. *Cogger*, 35 Wis. 2d at 352, 360. The court concluded that the surviving husband, not the children, owned the right of recovery. *Id.* at 355–57. The *Steinbarth* court distinguished *Cogger*, stating:

> [T]he cause of action for wrongful death [in *Cogger*] was based on a negligence theory. There is no basis under the wrongful death statute or otherwise to bar a surviving spouse, who unintentionally but negligently causes his or her spouse's death, from seeking recovery for the loss of that spouse from a more negligent tortfeasor.
>
> In sharp contrast, however, is the situation where the surviving spouse intentionally kills his or her spouse. In this situation, the surviving spouse cannot under any conceivable circumstance seek recovery under the wrongful death statute for the loss of the decedent.

*Steinbarth*, 144 Wis. 2d at 168–69. Thus, the *Steinbarth* court drew a clear distinction between cases where a surviving spouse intentionally kills his or her spouse and those where the surviving spouse is merely negligent. In this case, as in *Cogger*, there is no allegation that Thomas intentionally killed Sara.

¶ 18. Bowen also contends that we must apply the probate disclaimer provisions because the *Steinbarth* court incorporated the entirety of Wis. Stat. ch. 852 into the wrongful death statute. She is mistaken. The court merely stated that Wis. Stat. § 895.04(2) should be "construed in conjunction with" one specific subsection of ch. 852 in cases where the surviving spouse intentionally killed the decedent. *See Steinbarth*, 144 Wis. 2d at 167.

¶ 19. Finally, Bowen argues that refusing to recognize a surviving spouse's disclaimer of a wrongful

243

death claim frustrates the purpose of Wɪs. Sᴛᴀᴛ. § 895.03, which states that a person who causes the death of another by a wrongful act shall be liable "in every such case" where the decedent would have been able to recover damages had he or she not died. Because, in this case, the person liable is also the person who owns the right of recovery, Bowen contends a claim is not possible and the statutory scheme has therefore "br[oken] down[.]" However, we agree with the circuit court that, while contributory negligence may prevent Thomas from prevailing on a wrongful death claim, that does not mean that no such claim exists. Our holding therefore does not frustrate § 895.03's purpose of permitting wrongful death claims in every case where a suit for damages would have been possible had the decedent survived.

### B. Loss of society and companionship

¶ 20. In the alterative, Bowen argues that Wɪs. Sᴛᴀᴛ. § 895.04(4) permits adult children to recover for loss of their parent's society and companionship, even if the right of recovery under Wɪs. Sᴛᴀᴛ. § 895.04(2) belongs exclusively to the surviving spouse. Subsection 895.04(4) distinguishes between two types of damages available in a wrongful death action: (1) pecuniary damages, which may be awarded "to any person entitled to bring a wrongful death action"; and (2) "[a]dditional damages" for loss of society and companionship which may be awarded "to the spouse, children or parents of the deceased, or to the siblings of the deceased, if the siblings were minors at the time of the death." Bowen concedes that, under § 895.04(4)'s plain language, only a person entitled to bring a wrongful death action may recover pecuniary damages. However, she asserts that any relative listed in § 895.04(4) may recover loss of

society and companionship damages, regardless of whether that relative is entitled to bring a wrongful death action.

¶ 21. We do not read Wis. Stat. § 895.04(4) as expanding the class of claimants who may recover loss of society and companionship damages. Instead, we read § 895.04(4) as limiting the availability of loss of society and companionship damages to certain persons within the class of claimants entitled to bring wrongful death actions. In other words, *anyone* entitled to bring a wrongful death claim under Wis. Stat. §§ 895.04(1) and (2) may recover pecuniary damages, but loss of society and companionship damages are only available if the claimant is the decedent's spouse, child, parent, or minor sibling. So, for example, if a decedent's adult sibling is entitled to bring a wrongful death claim and recover pecuniary damages, § 895.04(4) nevertheless prevents the sibling from recovering damages for loss of society and companionship.

¶ 22. Bowen's interpretation of Wis. Stat. § 895.04(4) is at odds with Wis. Stat. § 895.04(1) and (2), which expressly set forth the persons entitled to bring wrongful death actions and the persons to whom the amount recovered belongs. Additionally, her reasoning implicitly conflicts with cases holding that adult children cannot recover when the decedent's spouse survives. *See Cogger*, 35 Wis. 2d at 355–57; *Xiong*, 255 Wis. 2d 693, ¶ 13. Finally, our supreme court has rejected the proposition that § 895.04(4) "creates separate and distinct causes of action in the spouse, . . . children, and parents of the deceased so that each might recover for their respective losses." *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 492, 494, 387 N.W.2d 751 (1986). While Bowen argues that "standing

precedent interpreting [§ 895.04] has misapplied the statute by concluding that only a single person or entity of lineal descent can recover for loss of society and companionship[,]" we are bound by prior supreme court decisions and published court of appeals decisions. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997). We therefore affirm the judgment dismissing Bowen's wrongful death claim.

## II. American Family's cross-appeal

¶ 23. In its cross-appeal, American Family argues the circuit court erred by failing to dismiss a wrongful death claim brought by Bowen as trustee for the Estate of Sara Lange. American Family refers us to the circuit court's written judgment on the motion to dismiss, where the court stated American Family's motion was "denied as to [Bowen] acting as trustee for the estate of the decedent on the claims for the *wrongful death* and pain and suffering." (Emphasis added.) American Family acknowledges that the Estate may bring a survival action for Sara's pain and suffering, but it argues the Estate is barred from bringing a wrongful death claim.

¶ 24. However, based on our review of the record, the Estate is not making a claim for wrongful death. Bowen's complaint did not assert a wrongful death claim on behalf of the Estate. The parties' circuit court briefs did not refer to any wrongful death claim by the Estate, nor was any such claim addressed during the hearing on American Family's motion to dismiss. Moreover, Bowen's brief in the cross-appeal concedes that the Estate is not making any wrongful death claim. Therefore, the circuit court judgment's reference to the Estate's wrongful death claim, while erroneous, is also a nullity. Accordingly, we need not address American

Family's argument that the court erred by failing to dismiss the Estate's wrongful death claim, and we dismiss the cross-appeal.

*By the Court.*—Judgment affirmed; cross-appeal dismissed.