PATIENCE DRAKE ROGGENSACK, J.
¶ 148. {dissenting). While the majority opinion reaches an appealing result as it permits the minor children of Billy Joe Force to maintain a claim for his wrongful death, I cannot join the opinion. In my view, the majority opinion's conclusion that the statutory term "surviving spouse" does not mean a spouse who has survived the death of her husband because she was estranged from her husband at his death is not based on statutory construction and will create considerable mischief in the future. Accordingly, I would affirm the circuit court, and I respectfully dissent.
I. BACKGROUND
¶ 149. The underlying facts are not disputed or complicated. On November 12, 2008, Billy Joe Force died as a result of a motor vehicle accident. At the time of his death, Billy was married to Linda Force. However, Billy and Linda had been separated since 1996, and Billy had not provided any support to Linda since 1997.
¶ 150. Billy and Linda had no children of their marriage. However, at his death, Billy had three minor children, born of two women, neither of whom he had married. It is these three children who seek to maintain this wrongful death action against Jeffrey Brown, the *635 driver of the other vehicle in the accident; his insurer, American Family Mutual Insurance Company; and Regent Insurance Company, the insurer of Billy's employer, for whom Billy was driving at the time of the accident.[1]
¶ 151. The circuit court granted summary judgment of dismissal, concluding that: (1) Linda survived Billy; (2) the children had no independent cause of action under Wis. Stat. § 895.04(2); (3) Linda had no compensable damages; and (4) because Linda could not recover, no offset was available for the children. The court of appeals certified the issue of whether children have an independent claim for relief under § 895.04 when there is a surviving spouse, who has been estranged from the decedent for more than ten years and could not recover, thereby precluding any set aside for the children.[2] We accepted certification.
II. DISCUSSION
A. Standard of Review
¶ 152. We are asked to construe the term "surviving spouse" in Wis. Stat. § 895.04(2). Statutory interpretation presents a question of law for our independent review; however, we benefit from the circuit court's discussion. Spiegelberg v. State, 2006 WI 75, ¶ 8, 291 Wis. 2d 601, 717 N.W.2d 641. When we construe a *636 statute, we also consider our past interpretations of that statute. Schill v. Wis. Rapids Sch. Dist., 2010 WI 86, ¶ 49, 327 Wis. 2d 572, 786 N.W.2d 177.
B. Wisconsin Stat. § 895.04(2)
¶ 153. We are not writing on a clean slate as we interpret Wis. Stat. § 895.04(2) in the case now before us. As the court of appeals correctly pointed out, our interpretation of Cogger v. Trudell, 35 Wis. 2d 350, 151 N.W.2d 146 (1967), precludes recovery for children when there is a surviving spouse who cannot recover. Courts have followed Cogger with only one exception since 1967, Steinbarth v. Johannes, 144 Wis. 2d 159, 423 N.W.2d 540 (1988).
¶ 154. In Steinbarth, the husband feloniously and intentionally killed his wife, whose death was the basis for the children's wrongful death claim. During our consideration of the children's claim, we reviewed Wis. Stat. § 852.01(2m) (1985-86), which precluded one who feloniously and intentionally killed a decedent from recovering as an heir of the decedent. Id. at 166. We noted that § 852.01(2m) (1985-86) treated the killer as having predeceased the decedent.[3] Id. We reasoned that the husband in Steinbarth should be treated consistent with the statutory directive of § 852.01(2m) (1985-86).[4] In order to do so, we concluded that a husband who feloniously and intentionally killed his wife will be *637 treated for purposes of a wrongful death claim as though he had predeceased his wife. Accordingly, there would be no surviving spouse under Wis. Stat. § 895.04 and the children could maintain an action for wrongful death. Id. at 167.
¶ 155. In Steinbarth, we distinguished Cogger by noting that the spouse's death in Cogger was based on negligence and in Steinbarth, it was based on intent to kill. We also noted a specific legislative directive about the status of one who kills his spouse for purposes of claims made relative to the death of the spouse. Neither distinction is present here. Linda had nothing to do with Billy's death, and there is no statutory directive, other than the wrongful death statute, Wis. Stat. § 895.04, that applies here.
¶ 156. If I were writing for the majority, I would affirm the circuit court and fully describe how unfair the current statute is to children who have suffered significant damages due to the wrongful death of a parent, but who have no claim when the surviving spouse has no recovery. By the 1961 amendments to Wis. Stat. § 895.04(2), the legislature made an attempt to independently protect children who suffered a loss because of the wrongful death of a parent, but more is needed today to finish what the legislature then began.
¶ 157. Instead of acknowledging that a claim for wrongful death is purely statutory and that at common law no such claim existed, Bowen v. American Family Insurance Co., 2012 WI App 29, ¶ 10, 340 Wis. 2d 232, 811 N.W.2d 887, the majority opinion pretends that it is construing Wis. Stat. § 895.04(2) and creates a new *638 claim.[5] It interprets the statutory phrase, "surviving spouse," as not including Linda, Billy's spouse who survived him. The majority justifies the result it reaches by relating that Linda and Billy have been estranged for ten years and that Linda could not prove wrongful death damages on her own behalf.[6]
¶ 158. While the majority opinion's result is appealing, I cannot join the majority opinion's interpretation of the Wis. Stat. § 895.04(2) term "surviving spouse." The methods employed to interpret § 895.04(2) comport with none of the legal principles that guide statutory interpretation. See, e.g., State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶¶ 38-46, 271 Wis. 2d 633, 681 N.W.2d 110. Saying that § 895.04(2) means whatever the majority wants it to mean will cause confusion and repetitive litigation.
¶ 159. For example, is an estrangement of five years sufficient time to cause a spouse who survives the decedent to no longer be a "surviving spouse" under the majority opinion's construction of Wis. Stat. § 893.04(2)? Is two years long enough, if there has been absolutely no communication between the spouses? Furthermore, how does the majority opinion line up with spousal intestate succession under Wis. Stat. ch. 852, which says nothing about a spouse's rights being limited due to the husband and wife being separated? See Wis. Stat. § 852.01.
¶ 160. Claims of the type now before us under Wis. Stat. § 895.04(2) are commonly brought and commonly denied because of our decision in Cogger.[7] We *639 would assist children who attempt to bring wrongful death claims in the future by pointing out the unfairness the current statute creates and asking the legislature to consider revising § 895.04(2), rather than creating a common law fix for the children in the present case and leaving all similarly situated children without a claim due to our interpretation of § 895.04(2) in Cogger.
III. CONCLUSION
¶ 161. While the majority opinion reaches an appealing result as it permits the minor children of Billy Joe Force to maintain a claim for his wrongful death, I cannot join the opinion. In my view, the majority opinion's conclusion that the statutory term "surviving spouse" does not mean a spouse who has survived the death of her husband because she was estranged from her husband at his death is not based on statutory construction and will create considerable mischief in the future.
¶ 162. Accordingly, I would affirm the court of appeals and I respectfully dissent.
*640 ¶ 163. I am authorized to state that Justices ANNETTE KINGSLAND ZIEGLER and MICHAEL GABLEMAN join this dissent.

 Because Billy was driving for his employer at the time of the accident, the employer could bring a third party liability action to recover money the employer may have paid on Billy's behalf. See Wis. Stat. § 102.29; Adams v. Northland Equipment Co., 2014 WI 79, ¶ 4, 356 Wis. 2d 529, 850 N.W.2d 272. Section 102.29 claims are mentioned in Wis. Stat. § 895.04(2).

 Force v. Am. Family Mut. Ins. Co., No. 2012AP2402, unpublished slip op. (Wis. Ct. App. July 3, 2013).

 Wisconsin Stat. § 852.01(2m) (1985-86) provided:
Requirement that heir not have intentionally killed the deceased, (a) If any person who would otherwise be an heir under sub. (1) has feloniously and intentionally killed the decedent, the net estate not disposed of by will passes as if the killer had predeceased the decedent.

 Wisconsin Stat. § 852.01(2m) was revised subsequent to Steinbarth v. Johannes, 144 Wis. 2d 159, 423 N.W.2d 540 (1988), *637 and Wis. Stat. § 854.14 further addresses homicide and rights of inheritance. The revisions are not relevant to our decision in Steinbarth or to my dissent.

 Majority op., ¶¶ 125-26.

 Majority op., ¶ 5.

 See Bowen v. Am. Family Ins. Co., 2012 WI App 29, 340 Wis. 2d 232, 811 N.W.2d 887 (father was a defendant and could not recover due to his contributory negligence in the accident *639 that killed his wife; therefore, children had no claim); Xiong v. Xiong, 2002 WI App 110, 255 Wis. 2d 693, 648 N.W.2d 900 (father drove vehicle in which mother was passenger who died after an accident; children had no claim); Anderson v. Westchester Fire Ins. Co., No. 94-1211-FT, unpublished slip op. (Wis. Ct. App. Nov. 29, 1994) (concluding that because stepmother survived the death of child's parent, child had no claim under Wis. Stat. § 895.04); Maki v. Kahler, No. 83-773, unpublished slip op. (Wis. Ct. App. Mar. 27, 1984) (concluding that children had no claim based on Cogger). Cogger has been cited 25 times in cases noted in Westlaw's database and probably many times that number in circuit court decisions from which no appeal was taken.