ANNETTE KINGSLAND ZIEGLER, J.
¶ 164. (dissent). I join Justice Roggensack's dissent, but write separately to clarify that, had the majority been able to link the Force children's ability to recover with the language of the statute, and reconcile that text with our prior case law, see, e.g., Cogger v. Trudell, 35 Wis. 2d 350, 353, 151 N.W.2d 146 (1967), I would have joined the majority. The majority was unable, however, to find a satisfactory, textual way to construe Wis. Stat. § 895.04(2) so to allow the Force children to recover in a wrongful death action. As a result, I am compelled to join Justice Roggensack's dissent.
¶ 165. Justice Prosser concludes that the application of the statutory language produces an "absurd" result. See Justice Prosser's concurrence, ¶ 133. An unpalatable result is not the same as an absurd result. We are to look to the text of the statute to determine whether relief is afforded to the litigants. "In construing or interpreting a statute the court is not at liberty to disregard the plain, clear words of the statute." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). It is not the role of the courts to "save" the legislative branch from the consequences of the laws it passes, or to create a remedy when the plain language of the statute does not afford relief.
¶ 166. As a practical matter, the legislature cannot be expected to meaningfully reconsider legislation if the court usurps the role of the legislature in order to create a remedy where none otherwise exists. The long and complex history of the wrongful death statute *641 provides support for the notion that the legislature should consider revision to provide relief when it should be due. See majority op., ¶¶ 69-102 (discussing Steinbarth v. Johannes, 144 Wis. 2d 159, 423 Wis. 2d 540 (1988); Hanson v. Valdivia, 51 Wis. 2d 466, 187 N.W.2d 151 (1971); Cogger, 35 Wis. 2d 350; Bowen v. American Family Ins. Co., 2012 WI App 29, 340 Wis. 2d 232, 811 N.W.2d 887; Xiong v. Xiong, 2002 WI App 110, 255 Wis. 2d 693, 648 N.W.2d 900). The majority's apparent difficulty in distinguishing these cases provides an apt illustration of the problem. The court should not avoid the plain language of a statute in order to prevent unpleasant results. In my view, legislative action is required.
¶ 167. For the foregoing reasons, I dissent.